[Filed December 19, 1887.]

# SARAH ZIGLER, Adm'r, Respondent, v. D. C. McCLELLAN, Appellant.

Counter-claim, What is.—In an action upon a contract for money expended by a tenant in repairing a hotel, the owner of the building may defend by showing that the building was burned in consequence of the carelessness of the tenant.

Evidence.—It is reversible error to exclude testimony tending to establish that fact.

Practice—Nonsuit—Motion for.—In the absence of a motion for a nonsuit by the defendant, or an instruction asked to that effect, the question as to the right of action by the plaintiff cannot be considered.

Appeal from Douglas County.    Reversed.

*J. W. Hamilton*, for Respondent.

*W. R. Willis*, for Appellant.

Thayer, J.—This appeal comes here from a judgment of the Circuit Court for the county of Douglas. The respondent, as administratix of L. H. Zigler, commenced an action in said Circuit Court against the appellant, claiming in her complaint that between the fourth day of June, 1884, and the ——— day of August of said year, the said L. H. Zigler, at the request of appellant, expended the sum of three hundred dollars in building an addition on the west end of the south part of the hotel building, known as the "Metropolitan Hotel," situated on the real property of appellant, known as lot 4, in block 29, in the city of Roseburg, which premises the appellant leased to said L. H. Zigler by written lease for the term of three years from June 4, 1884; that in consideration of said L. H. Zigler building said addition, appellant was to pay him therefor said sum of three hundred dollars, by allowing him out of the rent of said premises the rent to be due appellant for the months of July and September, 1884, the month of December, 1886, and of May, 1887; that on the 29th of August, 1884, without the consent of said Zigler, or his lawful successor, appellant took possession of said premises, and had ever since remained in possession thereof, by himself and grantee, and that he had failed to pay said sum of three hundred dollars as provided in said

written agreement, or otherwise, and refused to do so, wherefore said respondent demanded judgment for said sum, and the interest thereon.

The appellant claimed as a defense to the action that by the terms of the written lease said Zigler was to pay appellant an annual rent of nine hundred dollars during the term of the lease; that it was payable monthly in advance; that he had the privilege of building the addition to the hotel building, and of retaining out of the rent three hundred dollars, the rent for the months specified in the complaint; that he entered into possession of the premises under the lease at the date thereof, and occupied them until August 19, 1884, and retained seventy-five dollars rent for July of that year; that Zigler so negligently, carelessly, and unskillfully managed and conducted the business in and about the hotel, and negligently and carelessly left a lamp burning, whereby and by means of which the hotel building, with the addition thereto, caught fire and was entirely destroyed, to appellant's damage of four thousand dollars; that said Zigler left said premises, and abandoned the lease, and refused and neglected to pay any further rent, and had ever since, without the fault of the appellant, failed to occupy the premises, or pay the rent, and that appellant took possession of the premises, the buildings having been destroyed by fire, and left and abandoned by Zigler and his lawful successor.

These were the material issues in the action, and had it not been that a bill of exceptions was sent up with the transcript, we would have caught but a slight glimmer of the facts of the case. The attorneys upon both sides seemed to have regarded the office of the pleadings as being to cover up the facts, as some French statesman did that of words, to conceal ideas. The respondent's cause of action was based upon a clause in the lease, which is not referred to in her complaint; and the appellant, in his answer, charges Zigler with having abandoned the premises, and refused to pay the rent, when the poor fellow had been burned to death in the fire.

The bill of exceptions contains a copy of the lease, which is in substance as follows: "This indenture, made on the fourth day

of June, 1884, by and between D. C. McClellan, of the city of
Roseburg, Douglas County, Oregon, of the first part, and L. H.
Zigler, of the same place, of the second part, witnesseth, that the
party of the first part hath letten, and by these presents doth
grant, demise, and let unto the said party of the second part,
the following described premises, to wit: Lot No. 4, in block
No. 29, in the city of Roseburg, in Douglas County, Oregon,
and known as the Metropolitan Hotel, with all the appurte-
nances thereunto belonging, for the term of three years, from the
first day of June, 1884, at the yearly rent of nine hundred dol-
lars, payable monthly in advance; . . . . and at the expiration
of said term, the said party of the second part will quit and sur-
render the premises hereby demised in as good state and condi-
tion as reasonable use and wear thereof will permit, damages by
the elements excepted.   And it is mutually agreed by and
between the parties thereto, that the party of the second part
shall make upon said premises the following improvements and
repairs, to wit: Build an addition onto the west end of the
south part of the hotel building now on said premises. . . . . .
And the party of the first part agrees to pay to the party of the
second part for said improvements the sum of three hundred
dollars, in manner and payment as follows; that is to say, the
party of the second part shall be allowed to and may retain out
of the rents to be paid as aforesaid, the rents for the months of
July and September, A. D. 1884, for the month of December,
A. D. 1886, and for the month of May, 1887.   And it is also
further agreed that if the said party of the first part shall sell
the premises thereby leased, he may at any time hereafter ter-
minate this lease, and take possession of said premises, upon
giving the said party of the second part one month's notice in
writing of such sale, and of his desire to terminate this lease.
*Providing*, also, that said party of the first part shall pay to the
said party of the second part such sum as may remain unpaid of
the three hundred dollars, the price of the aforesaid improve-
ments, at the time of giving said notice."

It seems that after the said buildings were consumed by fire,
Zigler's family were left destitute, and went to appellant's house

to remain until they could make some shift; that appellant went upon the premises, and was offered a sum of money for the land, and sold it some four days after the fire occurred; that the family made no objection to the sale, and no steps were taken in reference to their using the land, or in view of complying with the terms of the lease. The parties who purchased the land soon afterwards erected another building thereon for other purposes than a hotel, and that this constituted all the abandonment of the premises upon the part of Zigler's representatives, or eviction by the appellant. The latter undoubtedly thought that the premises were necessarily thrown back upon his hands, and Mrs. Zigler, who has since been appointed administratrix of her husband's estate, had no idea of ever attempting to occupy them again under the lease.

The evidence, under the circumstances, would, I think, have authorized the jury to find that the premises were abandoned, and that there had been an acceptance of the abandonment. The court, however, it seems, refused to submit that question to the jury; and refused, also, to allow the appellant's counsel to offer proof of the hotel having been burned in consequence of Zigler's carelessness. This proof was clearly admissible. The substance of the lease is that Zigler was to have the use of the premises for three years, for seventy-five dollars a month rent. He was to build the addition, and four months of the rent was to be rebated in consideration thereof. And he was to surrender up the premises at the end of his term in as good state and condition as reasonable use and wear thereof would permit, damages by the elements excepted. These were mutual obligations between the parties, the agreement to let on one side, and agreement to pay the rent, build the addition, and use the premises properly on the other; and if Zigler were careless, negligent, or wilful in his treatment of the premises, he failed to perform his part of the contract, he violated the condition upon which they were let to him as much as though he had failed to pay the rent or build the addition; and any damages suffered by the appellant in consequence were a proper subject of counter-claim—it arose out of the transaction. Zigler's carelessness in his use of the prem-

ises was no more a tort than appellant's would have been if he had wrongfully entered upon the premises and ousted the former, and yet that would have been a good counter-claim against any claim for rent that had accrued upon the premises in favor of the latter, as that would have been a violation of the implied covenant upon his part that the tenant should quietly enjoy the premises.   Neither party could claim damages for a distinct tort committed by the other as a counter-claim in such a case.   It is only where the tort is violative of some express or implied agreement, constituting a part of the transaction, that it can be rendered available as such claim.

Under the former practice, such counter-claims as the one interposed by the appellant in the action herein would have been recoupment.   *Batterman* v. *Pierce*, 3 Hill, 171, illustrates the principle.   There the plaintiff sued upon a promissory note, executed by the defendants and payable to the plaintiff.   The defendants, under a notice for that purpose, proved that the plaintiff, just before the giving of the note, sold several lots of standing wood at auction.   By the terms of the sale, the purchasers were at liberty to cut the wood and pile it on the land to dry, and were to have two seasons, that is, two winters and one summer, to take away the wood.   The plaintiff had a piece of fallow ground adjoining the wood, and the bidders were apprehensive that the wood would be destroyed when the fallow should be burned.   The plaintiff thereupon agreed that if anything occurred to the wood through his means, or by setting fire to his fallow, he would be accountable, and would guarantee the purchasers against any damages in consequence of burning his fallow.   The sale thereupon proceeded, and the defendants purchased several lots of wood, and gave the note in question for the purchase money.   The defendants cut and piled the wood they purchased. The next spring after the sale, the plaintiff set fire to and burned his fallow, and all the defendants' wood was burned up.   There the act of the plaintiff in setting fire to his fallow, standing by itself, was a tort—was carelessness upon his part—as it endangered the safety of the defendants' property; and if he set the fire at an improper time, he would have been liable in damages

for his negligence. That, however, of itself, would not have been a matter of recoupment, but of his agreement to guarantee the defendants against loss in consequence of the act, connecting it with the transaction of purchasing the wood and giving the note. So, here, Zigler's carelessness in causing the burning of the hotel, if he did occasion it, would not, of itself, be a matter of counter-claim; but in connection with the fact of his obligation that he would be prudent in his occupancy of the premises, and which constituted a condition of the letting, it is "a cause of action arising out of the contract, or transaction set forth in the complaint (or attempted to be set forth therein), as the foundation of the respondent's claim," within the meaning of the provision of the Civil Code relating to that subject. The respondent, as representative of L. H. Zigler, says to the appellant, in effect, "You have not complied with a provision of the lease, to my damage of three hundred dollars." The latter in turn says, "You have not complied with a provision of it either, to my damage of four thousand dollars." The law, to prevent a circuity of action, allows the latter claim to be counted upon in the same action, so that complete justice may be done between the parties in one suit. The case is in direct line of the cases in which cross-actions are permitted.

There are other questions in the case, but I do not think they materially affect its merits. The appellant's counsel intimated upon the argument that the respondent had no cause of action; that the contract for building the addition was incomplete when it burned up, and therefore the respondent had no right of action; citing *Filden* v. *Besley*, 42 Mich. 100. But in the absence of a motion for a nonsuit, or instruction of the court presenting that question, we have no right to consider it.

The judgment must be reversed, and the cause remanded for a new trial.

LORD, C. J., absent.