ALFRED FILDEW ET AL. v. WILLIAM BESLEY.

*Non-apportionable building contract—Acceptance of performance.*

One cannot recover for work done and materials furnished under a non-apportionable contract to put up an addition to a building for a fixed sum, where the house and the addition were burned without the fault of either party before the contract was fully performed, and before any part of the work had been accepted or in any way appropriated by the owner of the main building.

Acceptance of work done under a non-apportionable contract to erect an addition to a building, must be unequivocal, and cannot be presumed from ordinary acts done as owner of the realty.

Error to Clinton. Submitted Oct. 22. Decided Oct. 30.

ASSUMPSIT.    Defendants bring error.

*H. & H. E. Walbridge* for plaintiffs in error. Where a contractor agrees to build an addition to a house, and he furnishes the labor and materials, and the house is destroyed by accident before the addition is completed, he is entitled to recover ratably for labor and materials furnished, 2 Chitty Cont. [11th ed.], 832, n; Story on Bailments, § 426; 2 Kent's Com., 590; *Menetone v. Athawes,* 3 Burr., 1592; *Appleby v. Myers,* L. R. 2 C. P., 658: 6 Amer. L. Reg., 112; *Rawson v. Clark,* 70 Ill., 656; *Walker v. Tucker,* id., 527.

*A. Stout* and *Randolph Strickland* for defendant in error.

MARSTON, J. The controversy in this case arises out of certain materials furnished and work and labor performed by plaintiffs in error under an oral agreement to furnish materials and erect an addition to the building in which the defendant resided. This "addition lapped by the old building about eight feet, which was to give room for a door swinging back so it connected with the old building. The sills were mortised into the old building and pinned, and the sill of the old part

formed part of the sill of the new part. Between the old and the new part there was a door cut through, and the door and the lock hung. The old wall formed part of the new." The agreement specified fully how the building should be completed, and the price agreed upon was $250. There was evidence tending to show that the work, labor and materials should not exceed this sum, and that such work and labor were being done by the day. After the work was partly done, the house and this addition were destroyed by fire without the fault of either party, and evidence was given tending to show that the work and labor done, and materials furnished up to the time of the fire, amounted to nearly two hundred dollars.

The court charged the jury that if. the agreement made was to furnish the materials and do the work, and no particular sum was agreed upon therefor, plain- tiffs could recover. If, however, they should find that the materials furnished and labor done were at a cer- tain fixed price for the job, to be paid for when com- pleted, and that it was not completed at the time of the fire, then for the materials furnished and labor performed up to the time of the fire, they could not recover. The correctness of this portion of the charge is what our attention has been called to as the matter complained of.

Under the strict common-law rule, where a party had failed to comply substantially with an unapportionable agreement, he could not recover for what had been done. This rule has been so far modified that where anything has been done from which the other party has received a substantial benefit, and which he has appropriated, a recovery may. be had based upon such benefit. The basis of this recovery is not the original contract, but a new implied agreement deducible from the delivery and acceptance of some valuable service or thing. *Allen v. McKibbin,* 5 Mich., 454.

Applying this rule to the case before us, and there

can be no recovery for the work and labor done and materials furnished. The contract was not apportionable, if to complete the building for a fixed sum, and there was no acceptance of what was done, or any benefit derived therefrom or on account thereof at the time of the fire.

If Besley had conveyed the premises before the fire, or in any way accepted or appropriated to his own use what had been done, the law would have implied a promise that he pay therefor. It was argued that this addition having been attached to the main building thereby forming a part thereof, it from day to day became the property of Besley as the work progressed, and therefore that he should pay for so much as had been done. But had it been separated from the main building it would equally have been a part of the realty, therefore Besley's property, and for that reason should have been paid for although a separate building—a doctrine not contended for. Where the agreement is to erect and complete a building, the person on whose land it is being erected cannot be compelled to pay for one erected in part, or one differing from what was contracted for unless he has in some way accepted it and derived some benefit therefrom. *Martus v. Houck*, 39 Mich., 431. If before acceptance or an appropriation thereof to the use of the owner of the land it should be destroyed without fault on his part, he would not be liable for what had been done.

It was also argued that as this addition under the agreement was attached to and formed a part of the main building, there was an implied agreement that the defendant would furnish the house to which the addition was to be attached, and failing in this because of the fire the parties would be entitled to recover. Admitting such an implied agreement, and that any act of the owner of such building, which would remove it, or deprive the contractors from attaching this addition thereto, would give them a cause of action, yet we do not see the force or

bearing thereof in this case. Here the main building was not removed by the act, or through any fault of the owner thereof, and why he should be held chargeable therefor does not appear. It was one of those casualties not provided for or contemplated, and for which neither should be held liable to the other. It certainly does not clearly appear but that the contractors might yet go on and substantially perform the agreement on their part. This addition formed a complete building of and by itself. True it was to be attached in part to the old, but not in so essential a manner as to prevent the erection thereof without the support which it would otherwise have derived therefrom. This work could have been carried on and fully performed without any reference to the main building in any important particular. A removal of the main building by the owner thereof would have excused the contractors from connecting this addition therewith, but would not have prevented their recovering the full contract price had they in all other respects complied with their agreement.

In this case there was no acceptance by Besley previous to the fire, and the addition was in no shape to call for an acceptance thereof. What is necessary to constitute a proper acceptance in a case like the present, or in a case where a building has been erected on the land of another, we need not in this case determine. It is not every act of the owner of the real estate or of the main building that could thus be construed. The act of acceptance should be unequivocal, else ordinary acts as owner of the real estate, which he does not yield up in such a case, might be so considered contrary to the real intention. *Taymouth v. Koehler*, 35 Mich., 26.

The judgment must be affirmed with costs.

The other Justices concurred.