EATON *v.* GLADWELL.

1. BUILDING CONTRACT — EVIDENCE — CONTRACT PRICE — VALUE OF SERVICES.

> Where, in an action by contractors to recover for erecting a building, the contract, which specifies the price to be paid, is offered in evidence, and the plaintiffs claim a substantial compliance therewith, testimony on their part as to what it was worth to erect the building is inadmissible.

2. SAME — WAIVER OF TERMS — HIDDEN DEFECTS.

> The owner of a building does not waive a substantial failure to comply with a contract for its erection, by remaining silent when asked by the contractor to tell him if there is anything not in accordance with the contract in order that he may fix it,—especially where the defects are not such as can be readily seen and are not called to his attention.

3. SAME—PAROL EVIDENCE—LETTERS AND CONVERSATIONS.

Where a building contract is unambiguous in its terms, and specifies the kind of materials to be used, and that the work is to be done in a good and substantial manner, letters and conversations between the parties, prior to the time that the contract was reduced to writing, are not admissible in evidence to show that the building was to be cheaply constructed.

4. SAME—CUSTOM AMONG CARPENTERS.

In a suit upon a building contract, testimony was admitted tending to show that it was a custom among carpenters to furnish doors 1¼ inches thick when those 1¼ inches thick were specified, because they were dressed down ⅛ of an inch. *Held*, that, there being nothing to show that the defendant knew of such custom, or that it was a custom so general in its application and recognition that he could be presumed to have contracted with reference to it, the admission of such testimony was error.

Error to Wayne; Lillibridge, J. Submitted February 18, 1896. Decided March 24, 1896.

*Assumpsit* by Joseph W. Eaton and another against Thomas J. Gladwell upon a building contract. From a judgment for plaintiffs, defendant brings error. Reversed.

*Sylvester Pray* (*Atkinson & Atkinson*, of counsel), for appellant.

*T. E. Tarsney* and *W. W. Wicker*, for appellees.

HOOKER, J. The plaintiffs are builders, and have brought this action to recover for the erection of a building for the defendant. The declaration is upon the common counts, and the record states that, "there being no other or further testimony, the jury were permitted to inspect the building," from which we infer that the substance of all of the testimony is contained in the record.

The plaintiffs, in making their case, offered in evidence a written contract under which the work was done, and one of them testified that he "claimed it was completed

according to the contract." Testimony was offered showing that it was worth $1,600 to build such a building as that was; but, as the case went to the jury upon a claim that such contract was substantially performed, and there appears to be no evidence that the building was ever accepted by the defendant, the testimony as to value of services was inadmissible. It is only upon the theory that service and materials had been rendered by the plaintiffs, and the benefit appropriated by the defendant, that a recovery could be had upon the *quantum meruit*, and until the preliminary proof of appropriation was made, or, at least, some claim that the plaintiffs were relying upon such theory, the testimony of value should not have been admitted. It furnished an opportunity for the thought that the building was worth all that it cost, and a jury would be likely to act upon such argument.

The defendant's claim was that the work and materials did not correspond, in many particulars, with those required by the contract. This does not seem to have been seriously disputed, but it was claimed that the defendant waived his right to insist upon compliance. Aside from one or two items, this waiver is based upon a statement that, at one time, when the defendant went through the building, "he called attention to some things, and one of the plaintiffs asked him if there was anything else, and told him, if there was, to say so, and he would fix it, and he did not say anything." It was claimed by the defendant, upon the trial, that the rafters were further apart than the specifications permitted; that the roof boards were not dressed to a uniform thickness, it apparently being conceded that they were not dressed at all; that the tin was of an inferior quality; that the studding was not as specified, either in quality or quantity; that one door was omitted, and that all doors were $1\frac{1}{8}$ inches thick, instead of $1\frac{1}{4}$; that steps were not built at the doors, as specified; that one flue was omitted; and that the workmanship was poor. A waiver implies an intention to overlook a de-

ficiency, or to forego a right to have the defect remedied or to have compensation therefor, and necessarily implies knowledge of the defect that is waived, or acquiescence under circumstances reasonably implying unconditional acceptance of the work as a full performance. The defendant was under no obligation to know and point out defects at his peril. He might rely upon his contract, and, by seasonably refusing to accept, avoid liability upon the unperformed contract. *Fildew* v. *Besley*, 42 Mich. 100; *Martus* v. *Houck*, 39 Mich. 432. Or, if his necessities required him to occupy the premises, he might do so, and claim damages by way of recoupment, when sued for the price or value of the building. We think the law does not necessarily imply a waiver of all defects from a failure to point out specifically all deficiencies upon demand. Especially is this true as to matters which are concealed, such as roof boards, flues, studs, etc., and one-eighth inch in the thickness of doors, where it is not shown that attention was called to them.

Some letters, written by the defendant to the plaintiffs before the contract was made, were offered in evidence to explain the contract, or perhaps, more accurately speaking, to show the circumstances under which the parties dealt. The object and use made of them was to convince the jury that the building was to be a cheaply constructed one. Conversation to the same effect was also admitted. It seems to us that the contract was the culmination of the negotiations, and that it was not ambiguous, and, therefore, that these letters and conversation were inadmissible. The contract specified the materials, and good and substantial work, and was conclusive of the subject.

Testimony was admitted tending to show that it was a custom among carpenters to furnish doors $1\frac{1}{8}$ inches thick when those $1\frac{1}{4}$ inches thick were specified. It was said that this was because the $1\frac{1}{4}$-inch lumber, from which they were made, dressed down $\frac{1}{8}$ of an inch. There was nothing in the case to show that this was a custom so general in its application and recognition as to make it

admissible, nor was there anything tending to show that the defendant knew of it, or could be presumed to have contracted with reference to it. *Black* v. *Ashley*, 80 Mich. 90; *Pennell* v. *Transportation Co.*, 94 Mich. 247; *Lamb* v. *Henderson*, 63 Mich. 305; *Schurr* v. *Savigny*, 85 Mich. 144.

The judgment is reversed, and a new trial directed.

LONG, C. J., GRANT and MOORE, JJ., concurred. MONTGOMERY, J., did not sit.