### School Directors, etc., v. John J. Roberson.

1. BUILDING CONTRACTS—*Rule of Construction.*—In a building contract, where there is no willful departure from the terms of the contract, and there has been a substantial compliance, slight defects, caused by inadvertence or unintentional omissions, are not necessarily in the way of a recovery of the contract price, less the amount, by way of damages requisite to indemnify the owner for the expense of conforming the work to that required by the contract.

Assumpsit, on a building contract. Appeal from the Circuit Court of Franklin County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

C. H. LAYMAN, attorney for appellants.

JONES & BLAIR, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee brought suit on a contract made to repair a school house, for which he was to be paid $128.85, " pro-

School Directors v. Roberson.

vided the work is done in all particulars according to specifications and conditions of this contract," and also to recover $8 on a verbal contract, made at a subsequent date, to put a new sill under the old part of the building, making a total claim of $136.85. The sum of $71 was paid on the written contract, which left a balance claimed to be due of $65.85. Appellee recovered a judgment for $47.50, from which appellants have taken this appeal, and claim in effect, that the amount of the recovery affirmatively shows the appellee did not perform the work " according to specifications and conditions of this contract," which, it is insisted, is a prerequisite to the right of any recovery, and case Eldridge v. Rowe, 2 Gilm. 91, and Starkie on Ev., Vol. 2, pp. 96–97, are cited in support of this proposition. This is the general rule, but a "building contract" is an exception, as expressly held in Keela v. Herr, 157 Ill. 57, where it is said, if there is no willful departure from the terms of the contract and there has been a substantial compliance, these slight defects, caused by inadvertence or unintentional omissions, are not necessarily in the way of a recovery of the contract price, less the amount, by way of damages, requisite to indemnify the owner for the expense of conforming the work to that for which he contracted. The authorities cited show this is the current doctrine as to such contracts. The appellant got instructions in the line of its views, to which it was not entitled in the light of the authority above cited. This authority is conclusive of the main point made in this case. The jury allowed appellant $18.35 damages for non-compliance with the contract, and the record does not warrant us in saying this was not sufficient. The instruction given for appellee, when considered as a whole, is proper, and appellant has no cause of complaint, as before suggested, of the instructions modified by the court, which were given on its behalf.

The judgment is affirmed.