EATON v. GLADWELL.

1. BUILDING CONTRACT—RECOVERY ON QUANTUM MERUIT.
  While one is under no obligation to accept from the contractors a building which does not conform to the plans and specifications, having taken possession, he may be held liable on a *quantum meruit*.

2. SAME—MEASURE OF RECOVERY.
  In an action for recovery on a *quantum meruit* for the construction of a building which does not conform to the specifications, and cannot be made to without its entire demolition, and which is of less value than the one contracted for, the measure of recovery, where defendant has taken possession, is the value of the building so completed, not exceeding the contract price, less the damages defendant has sustained by plaintiff's failure to perform his contract.

3. SAME—DAMAGES.
  In case the building contracted for exceeds in value the contract price, the measure of defendant's damages would be

the difference between the *value* of the building tendered and that contracted for, less the difference between the agreed *price* of the building contracted for and the value of the one tendered.

4. SAME—LOSS OF RENTALS.

Where the completion of a building is delayed by the contractors, the owner is entitled to recover as damages its rental value as it ought to have been completed from the time it should have been completed to the time it is completed and tendered.

5. SAME—ACCEPTANCE—UNREASONABLE DELAY.

Where the building tendered by contractors fails to conform to the plans and specifications, it becomes the duty of the person seasonably to decide whether he will accept or refuse it; and, having taken possession after delaying his decision for 13 months, he cannot recover from the contractors for deterioration or loss of rents during such period.

Error to Wayne; Hosmer, J. Submitted May 4, 1899. Decided October 3, 1899.

*Assumpsit* by Joseph W. Eaton and another against Thomas J. Gladwell to recover for the construction of a building. From a judgment for plaintiffs, defendant brings error. Reversed.

*Wilkinson, Post & Oxtoby,* for appellant.

*T. E. Tarsney* and *W. G. Fitzpatrick,* for appellees.

LONG, J. It appears that December 15, 1892, the defendant entered into a written contract with plaintiffs for the construction by them of a certain building for defendant. The contract referred to certain plans and specifications which were annexed thereto. The plaintiffs entered upon the work, and on March 10, 1894, notified the defendant that the building was completed according to the contract. No payments, so far as shown by this record, had been made on the contract, and defendant had not accepted or taken possession of the building. Suit was then commenced by plaintiffs against defendant

to recover upon the contract for the contract price, and for some extra work and material. In that case plaintiffs had verdict and judgment, which was subsequently reversed in this court. *Eaton* v. *Gladwell*, 108 Mich. 678. That case was subsequently discontinued by the plaintiffs. On April 6, 1895, the defendant took possession of the building under protest, in which he stated that, in taking possession, he did not accept the building as having been built in accordance with the terms of the contract, and that he would hold the plaintiffs responsible for all sums it might cost to put it in shape for use, and for loss of rent of the premises since the time it should have been finished under the contract; also, the difference in the value of the building as it then was and what it would be worth if constructed and finished according to the contract. Soon after the defendant took possession of the building, the present suit was commenced. The action is brought to recover on the *quantum meruit*.

The defendant claimed upon the trial that the work and materials did not correspond in many particulars to those required by the contract. While there is a contest over some of these matters, it is not seriously contended that the building was in all respects as required; but it is claimed here, as it was in the former case, that the defendant waived his right to insist on strict compliance with the contract terms. The plaintiffs, to maintain the case upon the *quantum meruit*, introduced three witnesses, two of whom testified that the building was worth in the spring of 1895 $1,327, and the third put it as $1,387.25, while the plaintiffs stated the value at $1,400. Plaintiffs' witnesses say, however, that they did not estimate the value of the building on the basis of the specifications, but took the building as it was. Defendant called several witnesses who testified to the difference in the value of the building as it was constructed and what it would have been worth if built according to the specifications. Mr. Spitzley placed the difference in value at $400; Mr. Golden, at from $500 to $600; Mr. Shepler, at the same

amount; Mr. Lee placed the value of the building as it then was at $900, or over $400 less than it would have been worth if built according to the contract.    Testimony was also introduced by the defendant showing what these defects in the building were.    They are too numerous to mention here, but many of them, according to this testimony, were glaring, and not easily remedied without a total rebuilding of the structure.    The defendant also made another claim of defense as a set-off to the amount claimed by plaintiffs.    It appears that the contract was made December 15, 1892.    The work was commenced in January, 1893, but was stopped by the city authorities because it was within the fire limits.    The limits were changed, and work was again commenced May 17, 1893. No complaint is made by the defendant of this delay, however; but Mr. Eaton, one of the plaintiffs, testified that two months would have been a reasonable time to complete the building after work commenced the second time, and that it could have been finished in May and June, and ready for occupancy by July, 1893.    The notice of its completion was served on defendant on March 10, 1894; and defendant claims for the rental value of the building from the time it should have been completed, July 1, 1893, to the time he took possession of it, in April, 1895.    His testimony tended to show that the rental value for this time was from $45 to $54 per month.

The questions involved, as stated by counsel for defendant, are:

1.  What is the proper measure of plaintiffs' recovery in *quantum meruit* for the construction of the building, which they admit does not conform to the contract and specifications?

2.  Was the defendant bound at any time to take possession of the defective building before the plaintiffs had completed it according to the provisions of the contract?

3.  If the defendant was not bound to take possession of the building, was he responsible for injury to it occasioned by dampness and general deterioration arising from vacancy during the time preceding his actually taking possession, and while the building was unoccupied?

4. Cannot the defendant recoup against the plaintiffs the damages he has suffered on account of the loss of the use of such a building as he contracted for?

Upon the question of the measure of damages, the defendant called Mr. Spitzley as a witness, and asked him: "How much would it cost to make the necessary changes in that building to make it conform to the plans and specifications?" This was objected to, and objection sustained, upon the ground that it would be a practical impossibility to make the building, in the manner in which it was constructed, conform to the plans and specifications. Similar questions were put to other witnesses, and objections sustained by the court. It was and is the contention of counsel for defendant that these questions were proper, and that the measure of damages which should be permitted, under the circumstances here stated, is what the building was reasonably worth as defendant took possession of it, not exceeding the contract price, less what it would reasonably cost to complete it and make it comply with the contract and specifications. On the other hand, counsel for plaintiffs contend that the proper measure of damages in a case like the present is the value of the building as it is, not exceeding the contract price, less the difference in its value as it now stands and as it would be were it such a building as contracted for; that, to this difference in value to be deducted in the case at bar, there should be added the damage suffered by the defendant by reason of the delay, if any, in constructing the building, and the net result would be the measure of recovery. The court below stated the rule as to the measure of damages substantially as it is claimed by counsel for plaintiffs.

While it is apparent that the rule claimed by counsel for plaintiffs and as given by the court is not the correct rule, the defendant had no reason to complain of it. It gave him a greater amount of damages than he was entitled to. In fact, it gave him double damages; that is, under it he could take the building erected at its then value, not exceeding the contract price, deducting from

that value the difference between such value and what it would be worth if it had been such a building as contracted for. The true rule to be applied in a case like the present, where it appears that, at the time the defendant took possession, the building could not be made to comply with the contract without its entire demolition, and was of less value than the one contracted for, is the value of the building as so completed, not exceeding the contract price, less the damages sustained by the defendant by reason of plaintiffs' failure to perform their contract. These damages consist of: (1) The rental value during the time the completion was unnecessarily delayed. (2) The difference between the value of the building actually tendered and that contracted to be built, less the difference between the agreed price of such contracted building and the reasonable value of that which was built; or, in other words, the damages are the difference between the house contracted for, if worth more than the price agreed to be paid, and such price. This would give the defendant the benefit of his contract.

It is conceded that the building was completed, though it was not constructed in accordance with the specifications contained in the contract. It is well settled that one is not compelled to accept work which does not conform to the contract, and that no recovery can be had on the contract where the contractor has not complied with the specifications. *Allen* v. *McKibbin*, 5 Mich. 449; *Martus* v. *Houck*, 39 Mich. 431 (33 Am. Rep. 409); *Hanley* v. *Walker*, 79 Mich. 616 (8 L. R. A. 207); *Eaton* v. *Gladwell*, 108 Mich. 678.

When, however, a building has been erected, though it does not comply with the contract and specifications, and the owner of the land has taken possession, a recovery can be had by the contractor on the *quantum meruit*. In the present case the structure was for a dwelling-house. It was completed for that purpose, and was suitable for it, though not in compliance with the specifications. The defendant took possession of it in April, 1895. Before tak-

ing possession he notified the plaintiffs in writing that he did not accept it as having been built in accordance with the contract, and that he would hold them responsible for all sums it would cost to put it in shape to use. Having taken possession, and appropriated the material and labor of the plaintiffs which had gone into the building, the damages would be measured under the above rule. It is true, the rule is laid down, in certain cases where the building has not been completed, that the measure of recovery is what the building is reasonably worth as defendant took possession of it, not exceeding the contract price, less what it would reasonably cost to complete it and make it comply with the contract and specifications. But that is not this case. It is conceded that the building, when taken possession of by the defendant, could not be made to comply with the specifications in the contract without an entire demolition of it. The sills were not of the required size; the studding and joists were not of the size specified, and they were too far apart; the roof boards were not planed; and in many other respects the contractors had failed to comply with the specifications. These facts were known to the defendant when he went into possession. Under such circumstances, he cannot be allowed to measure his damages by what it would cost to tear the building down and put in timbers of the required size, tear off the roof and plane the roof boards, and to put in other timber and lumber such as specified in the contract. Having concluded to take the benefit of the labor and material in the building as it was, defendant's damages must be measured by the rule stated by plaintiffs' counsel.

In *Martus* v. *Houck*, 39 Mich. 431 (33 Am. Rep. 409), the controversy arose out of a contract for the building of a house of worship. It was conceded that the building was not constructed in accordance with the contract. It was to have 15 windows; it had but 13. The floor was to be $1\frac{1}{2}$ inches thick; it was but $1\frac{1}{4}$. The studding was to be 3 by 8; it was only 2 by 8. The trial court instructed the jury, in substance, that, if the building was not

completed according to the contract, the plaintiff was entitled to recover, but with such allowance from the contract price as would be equal to the cost of making the building what it should be. To this, however, he added the qualification, in respect to the studding, that the defendants would not be entitled to tear this out, and substitute, at the expense of the plaintiff, studding of the size stipulated for, but that the difference in the value of the building caused by this departure from the contract the defendants should be allowed for. This court said of that charge:

"Had the defendants taken possession of this building and applied it to the uses for which they were constructing it, the charge of the circuit judge would, in the main, have been applicable to the case, and might have been supported."

The contract price in the present case was $1,235. It is contended that there were extras amounting to $99, making the total amount under the contract $1,334, which, with interest added from the time defendant took possession, in April, 1895, would make the amount claimed something over the amount found by the jury, which was $1,512. The defendant asked the court to charge that, the failure to complete the building being the fault of the plaintiffs, no right of action accrued until defendant took possession of the building as it was; also, that defendant was not bound to take possession until it was completed according to contract. These requests were given, but greatly modified by the court in other portions of the charge. The court said, substantially, that, when it became apparent to the defendant that the plaintiffs were not going to complete the building according to the terms of the contract, then it became incumbent upon him to either take his building at that time, or to abandon it entirely to the plaintiffs, and take measures, if he desired the use of his land, to have the structure removed therefrom. We think the court was not in error in this modification, under the circumstances here stated. The plain-

tiffs notified the defendant in March, 1894, that the building was completed according to the terms of the contract. The defendant, so far as this record shows, did not signify to the plaintiffs what his course would be in reference to it.   He neither accepted it nor did he refuse to accept it until April, 1895.   He had a right to rely upon his contract, and, by seasonably refusing to accept, could avoid liability upon the unperformed contract.   *Fildew* v. *Besley*, 42 Mich. 100 (36 Am. Rep. 433); *Martus* v. *Houck*, 39 Mich. 431 (33 Am. Rep. 409); *Eaton* v. *Gladwell*, 108 Mich. 681.   By his own showing, he kept the question open for more than a year without deciding what course he would take.   During that time he had no right to recover for the rental value or for any deterioration in the building.   He should have decided within a reasonable time.   *Eaton* v. *Gladwell, supra.*   A year and a month was not a reasonable time.   In a few days, at most, the question should have been settled by him.

It was admitted that the building could have been completed, under the contract, as early as the summer of 1893. The defendant was entitled to the use of the building from that time, but it was not tendered to him until March, 1894..   The defendant asked the court to charge:

"The defendant's measure of damages in recoupment is the rental value of the building as it ought to have been completed according to the contract, to be computed from the time plaintiffs ought reasonably to have completed the building down to the time when the plaintiffs served on defendant a sworn notice that the building was completed according to the contract."

This was refused.   This request should have been given. *Covode* v. *Principaal*, 110 Mich. 672.

We find no other error in the case.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.