BUEHLER, Respondent, vs. STAUDENMAYER, Appellant.

*March 14—April 5, 1911.*

*Pleading: Counterclaim: Amendment to conform to proofs: Contracts: Defective work: Acceptance: Appeal: Matters omitted from verdict: Presumption: Judgment: New trial, when ordered: Costs: Printed case: Reporter's transcript.*

1. Where a counterclaim was defectively pleaded but evidence in support of it was received without objection, it was an abuse of discretion not to permit the pleading to be amended to conform to the proofs, if they established a cause of action.

2. In an action to recover for work claimed by defendant to be-defective, if there was any dispute as to the facts relied upon by plaintiff to prove acceptance or waiver, the question would be one for the jury, and if not covered by the special verdict a finding by the court must be presumed, under sec. 2858m, Stats. (Laws of 1907, ch. 346), in support of the judgment.

3. An ordinary person without special knowledge of the subject, who contracted for a cement wall or walk to be constructed in a good and workmanlike manner, should not be held to have accepted the work merely because he happened to be present while it was being done, where he had no knowledge that the contract was being violated.

4. Mere use of a defective foundation wall and the making of a payment after knowledge of defects therein, is not to be deemed an acceptance of the wall as conforming to the contract, where the contractor had previously been notified of defects which had then been discovered and had promised to rectify the same at a seasonable time, and where other defects did not develop until afterwards.

5. Although there are no findings by the jury upon some disputed questions of fact, yet in this case the court deems that substantial justice will be done by modifying and affirming the judgment, rather than by reversing it and ordering a new trial.

6. For the printing of a case containing much unnecessary matter, in violation of Supreme Court Rule 6, no costs are allowed to the appellant.

7. Under sec. 2949, Stats. (1898), the cost of but one transcript of the reporter's minutes should be taxed.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Modified and affirmed.*

The complaint sets forth two causes of action. The first cause of action is brought to recover for work and labor performed and materials furnished in the construction of a foundation wall, walks, floor, and steps at defendant's farm Plaintiff alleges that by reason of such work done and ma terials furnished the defendant became indebted to him in the sum of $204.40; that of this amount $174.50 has been paid, leaving a balance due of $29.90. For a second cause of action plaintiff alleges that he entered into a contract with,

the defendant whereby he was to manufacture for the defendant 2,000 cement blocks at an agreed price of fourteen cents. each; that such blocks were manufactured in accordance with the agreement and that the defendant refused to accept them; that after such refusal plaintiff succeeded in selling 600 of the blocks at ten cents each to other parties, and he seeks to recover damages in the sum of $220; making a total on the two causes of action of $249.90.

As a defense to the first cause of action defendant alleges that plaintiff failed to complete the wall, walks, etc., and that the work done was unsatisfactory and unworkmanlike; that he has paid plaintiff in full for all services performed and materials furnished. Answering to the second cause of action, it is alleged that the cement blocks manufactured were not of the size, shape, or dimensions ordered, and that in other particulars the blocks were not according to specifications; that defendant with men and teams went to plaintiff's place for the blocks, but refused to take them for the reasons stated. Defendant also counterclaimed for damages in the sum of $50 on account of failure of plaintiff to properly perform the work and labor in the construction of the wall, walks, floor, etc., and failure to complete the same in accordance with the agreement, and for time expended by himself, his men, and teams in making the trip for the blocks.

By its answers to the questions submitted on the special verdict the jury found that the cement work was not done and completed in a workmanlike manner; that the difference between the reasonable value of the cement work done and what its value would have been had it been completed in a workmanlike manner was $90; that the labor furnished by plaintiff was reasonably worth $72.90 and the cement $115, and the use of a certain mixer $4.50; that a reasonable allowance for defendant's trip with men and three teams to get the cement blocks was $6. The jury also found that the plaintiff received nine and one-half cents each for the cement blocks.

Thereafter defendant moved the court for leave to amend his counterclaim so as to increase the *ad damnum* clause therein from $50 to $97; which motion was denied, and judgment was entered upon the verdict in favor of the plaintiff for $90 damages and $71.95 costs, from which judgment defendant appeals.

The cause was submitted for the appellant on the brief of *Aylward, Davies, Olbrich & Hill,* and for the respondent on that of *Daniel H. Grady.*

BARNES, J.    A number of errors are assigned and argued on this appeal.    But one of them warrants any discussion. The jury intended to permit the defendant to recover on his alleged counterclaim the sum of $90 as damages because of the failure of the plaintiff to do a good and workmanlike job of cement work at the farm.    It found that such sum represented the difference between the reasonable value of the cement work and what its reasonable value would have been had it been done in accordance with the contract.    After the verdict the defendant moved to amend his counterclaim by stating the facts necessary to constitute a good cause of action and by increasing the *ad damnum* clause from $50 to $97. The original pleading was defective in that it did not allege a contract and breach thereof or make any reference to or adopt the allegations of the defensive portion of the answer reciting such facts.    The plaintiff opposed the granting of this motion and also made a motion to amend his reply to the counterclaim so as to plead acceptance of the work as a compliance with the contract and waiver of any right to claim damages because it was not done as agreed.

The court granted the motion of the plaintiff, and we assume that for this reason it refused to grant the motion of the defendant.    If the court was correct in holding that the defendant had waived the right to recover the damages which he was claiming, it would be futile to allow the amendment

asked for by him.   The original counterclaim was not chal-
lenged by a demurrer to its sufficiency or by a demurrer *ore
tenus,* and nearly all of the evidence tending to show damages
was received without objection, and no objection to any of it
was taken on the ground that the counterclaim did not state a
cause of action.   Under these circumstances we entertain no
doubt that the trial court would have allowed the counter-
claim to be amended so as to conform to the proofs and to the
verdict had it been of the opinion that any recovery could be
had on the pleading as amended.   To hold otherwise would,
we think, have amounted to an abuse of discretion.

There was sufficient evidence to warrant the jury in find-
ing as it did in reference to the character of the work done
at the farm and in reference to the amount of damages suf-
fered by the defendant as a result of poor workmanship.
The question of acceptance or waiver was not submitted to
the jury.   Such a submission would be proper under appro-
priate instructions if there was any dispute as to what the
facts were which were relied upon to constitute acceptance.
In the absence of a finding by the jury we would be obliged to
presume one by the court in support of the judgment, under
sec. 2858m, Stats. (Laws of 1907, ch. 346).

So the real question in the case is: Do the facts, construed
as favorably to the defendant as they reasonably can be, jus-
tify the conclusion that there was an acceptance of the work
and a waiver of the right to claim damages for the breach of
the contract which provided what the character of the work
should be?   In support of the conclusion of the trial court
it is urged that the defendant accepted the work (1) because
he was present while the work was being done and knew how
it was being done; (2) because he used the concrete wall with
knowledge of the defective work done; and (3) because he
made payments after the work was completed and with
knowledge of the defective work.

The work consisted of building a foundation wall for a

barn, a floor or platform for a windmill, and some walks and
steps. The defects complained of were that the wall was
neither straight, plumb, nor square; that the north wall was
two inches too long and the south wall was three inches too
short; that the wall was rough and had large holes in it and
that a part of it did not set properly; that the cement walks
cracked badly; and that the floor of the windmill settled, as
well as some other minor defects.

The work was completed on November 7, 1907, and the
first payment of $80 was made five days later. We do not
find any proof that the defendant had actual knowledge of
the defects when this payment was made. The evidence to
show when the walks began to crack was very indefinite.
The form or cribbing in which the cement wall was inclosed
was not removed until November 15th, so that there was no
opportunity to discover any defects in the sides of the walls
prior to that time. It was easy enough to determine after the
building was placed on the wall that either the wall or the
building was not a rectangle, but the slight deviation could
not have been very noticeable before, and there is no claim
that defendant did know of it on November 12th. He had
given the plaintiff the correct measurements and had a right
to assume that they would be followed. In fact there was
apparently very little discoverable in the way of defects on
November 12th without making a critical examination of the
work, and some of the defects were not discoverable on such
an examination. The fact that the defendant was around
while the work was being done we do not consider very sig-
nificant. There is no pretense that he was an expert in the
business of cement construction or that he had any knowl-
edge that improper materials were being used or that the
proper proportions of the different ingredients in the con-
struction were not used or that there was an improper mix-
ture of such ingredients. It would be unreasonable to say
that, where an ordinary person makes a contract for the con-

struction of a cement wall or walk and stipulates that it must be constructed in a good and workmanlike manner, he accepts whatever may be tendered to him simply because he happens to be around while the work is being done, although he has no knowledge that the contract is being violated. So we do not discover any evidence in the record of acceptance up to and including the time when the first payment was made. A second payment of $70 was made on November 21, 1907, and on the 13th of January following the defendant sold to the plaintiff a load of oats worth $24.50. There was no agreement that this latter amount was to be applied on the cement contract, but the defendant never made any demand for payment for the oats and we will assume that he intended that the amount stated should be applied on the contract. It is undisputed that before the barn had been moved on to the cement wall and before the second payment was made the defendant called up the plaintiff by telephone and in substance informed him that the work done was not right and did not comply with the contract and asked him to come out and inspect it. The plaintiff stated in reply that he could not then do so, but would come later. Thereupon the defendant informed the plaintiff that he would make no further payments until the work was made right. The plaintiff did go out to inspect the work the next day and the parties do not disagree in the essential details as to what took place. The plaintiff does not admit that the defendant found fault with as many things as the defendant says he did, and he does not admit having agreed to do as much in the way of remedying alleged defects as the defendant asserts that he did, but he does admit that he found defects of a somewhat serious nature and that he agreed to remedy at least some of them. He stated, however, that as the season was far advanced the additional work should be done in the spring and that he would do it at that time, and to this the defendant assented. Plaintiff never went back to do the work which he admits he agreed to do,

and he gives as a reason for not doing so that some one told him that some other party had made the repairs. It seems to us that the acts of the defendant in using the foundation walls and in making payments under these circumstances did not amount to an acceptance of the work or a waiver of damages for poor workmanship. *Pormann v. Walsh,* 97 Wis. 356, 72 N. W. 881; *Eaton v. Gladwell,* 108 Mich. 678, 66 N. W. 598; *Ekstrand v. Barth,* 41 Wash. 321, 83 Pac. 305; *Utah L. Co. v. James,* 25 Utah, 434, 71 Pac. 986; *Trustees v. Broadfield,* 30 Ga. 1; *Van Buskirk v. Murden,* 22 Ill. 446; *Norris v. La Farge,* 3 E. D. Smith, 375; *Morris v. Cummings,* 26 Vt. 486; *Barker v. Nichols,* 3 Colo. App. 25, 31 Pac. 1024; *Johnson Co. v. Lowe,* 72 Mo. 637; *Moulton v. McOwen,* 103 Mass. 587; *Pabst B. Co. v. Milwaukee,* 126 Wis. 110, 105 N. W. 563. It must be remembered that the evidence does not show that all of the defects developed before these acts were done, and that as to some, if not as to all, of those that had been discovered the plaintiff promised to make his work right, and that the defendant had a right to rely on such promise. Under these circumstances we think the trial court erred in holding that there had been an acceptance of the work as a compliance with the contract.

It seems apparent that the plaintiff was allowed to recover damages of four and one-half cents per block on 2,000 cement blocks which the plaintiff manufactured for the defendant and which the latter refused to take. The damages allowed to the defendant on the counterclaim were $90. So that the recovery of the plaintiff on his second cause of action was offset by the recovery of the defendant for damages because of poor workmanship in doing the work in reference to which the first cause of action is brought. As to such cause of action the jury found that there was no express agreement covering the cost of the work. It found that the cement furnished was reasonably worth $115; that the labor of the plaintiff and his men was reasonably worth $72.90, and that

the use of the concrete mixer was reasonably worth $4.50, making a total of $192.40. The admitted payments amounted to $174.50, leaving a balance due of $17.90, which the plaintiff is entitled to recover. The defendant is not entitled to any allowance for the use of teams in going to Portage for cement blocks. The evidence shows that about 1,600 of the blocks might have been taken at that time, but that the defendant refused to take them because they did not comply with the contract. The jury found against the defendant on this claim, so it follows that he might and should have loaded his wagons with the blocks tendered him. The evidence leaves some doubt in our minds as to whether the plaintiff manufactured the entire 2,000 cement blocks, although he so testified, and there is no evidence in the case which, directly at least, contradicts such testimony. The evidence is also somewhat hazy as to whether the plaintiff had disposed of all these blocks at the time of the trial. The jury made no finding on either question. In view of the fact that the court rendered judgment on the verdict, we must presume a finding by it to the effect that the entire 2,000 blocks were made and that all of them had been sold at the time of the trial. Sec. 2858m, Stats. (Laws of 1907, ch. 346). We are unable to account for the judgment rendered on any other basis. The contention of the respondent, that the jury really deducted the $90 damages found from the value of the cement and labor as found by it, is untenable. There was no evidence in the case tending to show that by any possibility the work done and the material furnished were worth $90 more than the amount found by the jury. The plaintiff in his complaint claims only $204.40 on this first cause of action and the jury allowed $192.40, or $12 less than the amount claimed.

Because of the fact that no findings are made by the jury on some disputed questions of fact, the court has had some doubt whether the judgment should be modified and affirmed

or reversed and the cause remanded for a new trial. We have concluded on the whole that it would be a kindness to both parties to save them the infliction of another trial and of possibly another appeal to this court, and that substantial justice will be done by modifying the judgment and affirming it as modified.

The printed case contains 211 pages besides the index. One hundred and sixty-seven pages are devoted to the evidence. A large portion of it is given by question and answer. A very large portion of it relates to matters that were settled by the verdict of the jury and in reference to which no question has been raised in this court. The examination of the evidence as presented has imposed a great deal of unnecessary labor upon us. The case is not an abridgment of the record so far as necessary to present the questions raised for decision, as required by Rule 6 of this court. The penalty for violation of the rule is that no costs shall be taxed in favor of the offending party for printing the case. Rule 44. This rule has been enforced in numerous cases and would be enforced more frequently if those who disregarded it always prevailed so that they became entitled to costs. Reference is made to the cases of *Griffiths v. Cretney,* 143 Wis. 143, 126 N. W. 875; *Gerbig v. Bell,* 143 Wis. 157, 126 N. W. 871; and *Hankwitz v. Barrett,* 143 Wis. 639, 128 N. W. 430, and in those decisions will be found a reference to numerous other cases in which the rules have been applied.

*By the Court.*—It is ordered and directed that the judgment be modified by reducing the amount of the plaintiff's recovery to $17.90 damages, with interest thereon from November 7, 1907, together with such costs as the trial court shall in its discretion allow pursuant to subd. 7, sec. 2918, Stats. (1898), and as so modified the judgment is affirmed. Costs are to be taxed in this court in appellant's favor, but no costs are to be allowed for printing the case.

The following opinion was filed June 1, 1911:

PER CURIAM. The appellant's bill of costs in this court contained an item of $97.50 paid the reporter for three copies of the reporter's minutes. Objection was taken to its allowance, which was overruled, and the respondent moves for a retaxation. The motion should be granted. There is no warrant in law for such a charge. Sec. 2949, Stats. (1898), clearly contemplates that the cost of but one transcript of the reporter's' minutes should be taxed. Bills of exceptions can only be taxed for in the circuit court under sec. 2921, Stats. (1898). Ch. 547, Laws of 1907 (sec. 2873m, Stats.), was calculated to permit the court reporter to do most of the work of preparing a bill of exceptions, but it has not provided that his additional work in this regard shall be taxed against the losing party in this court.

The clerk of this court is directed to deduct from the bill of costs as taxed the sum of $65, and to allow the respondent $10 costs of motion.