106    199
s64ᴺᵂ    39
133    502

## CRAWFORD *v.* SCHNEIDER.

BUILDING CONTRACT—SPECIFIC PERFORMANCE—CONVEYANCE AS SE-
CURITY.

Complainant, being the owner of a land contract, entered into
a written agreement with defendant's assignor whereby the
latter was to erect a building upon the premises for a
specified sum, pay the balance of the purchase price to the
vendor, take a conveyance from him, and convey to com-
plainant upon repayment of these amounts. The land was
deeded to the defendant, who executed a mortgage thereon
pursuant to authority conferred by the agreement, and con-
structed a building which did not conform to the require-
ments of the contract, and could not be made to do so
without the practical destruction of the building. Upon a
bill setting forth the facts, and praying for specific per-
formance and for general relief, the court decreed that de-
fendant cause the mortgage to be discharged; that he
remove the building from the premises, and restore them to
their former condition; and that he deed the same to com-
plainant upon repayment of the amount paid upon the land
contract; or, instead, that he accept a compromise proposi-
tion tendered by complainant.    *Held*:

(1) That complainant could not be required to accept the
building.

(2) That the provision of the decree relative to the re-
moval of the building was inserted for the benefit of de-
fendant, and might be waived, and the building continue
to be a part of the realty.

(3) That, the enforcement of specific performance being impracticable, and the defendant manifesting no purpose of performing the contract according to its terms, the relief granted was proper, and was justified under the pleadings.

Appeal from Wayne; Hosmer, **J.** Submitted May 2, 1895. Decided July 9, 1895.

Bill by Sarah Crawford against Emanuel Schneider and others for specific performance of contract. From a decree for complainant, defendant Schneider appeals. Affirmed.

*Lemuel H. Foster*, for complainant:

Specific performance of a building contract will be enforced where there is no other adequate remedy. *Dester* v. *Ross*, 85 Mich. 370; *Stuyvesant* v. *New York*, 11 Paige, 414; *Birchett* v. *Bolling*, 5 Munf. 442; *McCorkle* v. *Brown*, 9 Smedes & M. 167; *Voorhees* v. *DeMeyer*, 2 Barb. 37; *Shaw* v. *Livermore*, 2 G. Greene, 338; *Leicester Piano Co.* v. *Improvement Co.*, 5 C. C. A. 68.

*Moores & Goff*, for appellant:

Under a prayer for specific performance, the decree entered was unauthorized. *Converse* v. *Blumrich*, 14 Mich. 110; *Hubbard* v. *Winsor*, 15 Mich. 146; *Payne* v. *Avery*, 21 Mich. 524; *Harwood* v. *Underwood*, 28 Mich. 427; *Rudd* v. *Rudd*, 33 Mich. 101.

A court of equity will not enter into the execution of construction contracts. *Beck* v. *Allison*, 56 N. Y. 366; *Railway Co.* v. *Rust*, 17 Fed. Rep. 275; *Oregonian R. Co.* v. *Oregon R. & N. Co*, 37 Fed. Rep. 733; *Blanchard* v. *Railroad Co.*, 31 Mich. 43.

MONTGOMERY, J.   The complainant was the owner of a land contract made by one James S. Goodrich, covering a lot situated at the south-east corner of Seventh and Irving streets, in Detroit. After the purchase, she made improvements upon the lot and a dwelling house standing on the rear of the lot, facing on Irving street, so that the lot and improvements were worth $2,500 to $3,000; and there remained unpaid on the purchase price $784.

On the 12th of November, 1892, she entered into a contract with George W. Myers, of Detroit, an architect and builder, whereby he agreed to erect on the front portion of the lot, fronting Seventh street, a double frame house, built according to certain plans and specifications, for the sum of $3,850, to be paid in monthly installments, beginning at the time when it was expected the house would be finished. It was agreed that Myers should pay off the $784, and take a deed from Goodrich of the premises, and give complainant a contract for the conveyance of the same to her upon payment of the contract price for the house and the amount paid on the contract. On the 15th of November, 1892, she entered into a contract with Myers whereby he agreed, for a consideration of $4,628, which was the contract price of the house and the balance due on the Goodrich contract, to be paid in monthly installments, according to the terms of the contract, to convey the premises to her. The contract contained a clause authorizing Myers to mortgage the premises. Myers did not build the house, but assigned the contract to defendant Emanuel Schneider, the appellant, and on December 21, 1892, the premises were conveyed to Schneider, who, in turn, mortgaged them for $2,500, Schneider undertaking the performance of the contract for the building of the house made between complainant and Myers.

There is no pretense that the house which was constructed corresponded in all respects to the house provided for in the specifications and contract between complainant and Myers. On the contrary, the circuit judge found that the departures from the contract were so great, both in the quality and size of the timbers and materials used, and in the quality of the workmanship, that the house cannot be made to comply with the specifications without the practical destruction of the building. This finding is amply supported by the testimony. The joists throughout the house are two inches narrower than specified. The rafters are two by four instead of

two by six. The roof, valleys, chimneys, attic partitions, and floors are not as specified. The siding, instead of being laid three and one-half inches to the weather, is laid four and one-half inches. It is very clear that, if the defendant Schneider were suing to recover upon this contract, he would not be able to maintain his action. That question is determined in *Martus* v. *Houck*, 39 Mich. 431. Nor do we think that a court of equity could compel the complainant to accept a house which she has not contracted for.

It is alleged that the decree which the court entered is not justified by the pleadings. The bill set out all the facts, and asked the court to undertake the specific performance of the contract. It also contained a prayer for general relief. The decree of the court provided that defendant Schneider should cause the mortgage to be canceled and discharged of record; that he should remove the house from the premises, and restore the premises to their former condition, within 60 days from the date of the decree; that an accounting should be taken of the unpaid balance of the purchase price of the premises, and of all sums expended for taxes, paving assessments, etc.; and that complainant should pay to Schneider this sum, upon his executing to her a deed of the premises. It also gave an option to defendant to retain the premises upon which the house is located, which will be hereinafter referred to. It is contended that there is no basis for that part of the decree requiring the removal of the house. The situation of the parties to this case is peculiar. If the complainant had had no previous title or ownership in the property, it might be that, when it is ascertained that the contract as contemplated cannot be specifically performed, the complainant might be left to her remedy at law to recover damages. But in this case it was not intended to vest title in either Myers or Schneider, except as trustees, and for the purpose of securing payment by complainant of the purchase price of the lot and the agreed price of the building, when com-

pleted according to the specifications. It now transpires that the contract is not possible of performance specifically, unless the court should go into the building business, and the defendant manifests no purpose of performing the contract according to its terms. We think the court can, and should, protect the rights of the complainant, by a decree that her interest in the property should not be diverted or clouded by defendant's unwarranted claims; and we think, as the bill sets out all the facts, it is broad enough to admit of granting the relief in this case. It is perhaps true that the court should not have imposed the positive requirement that the defendant remove the building from the premises. This provision was undoubtedly inserted for the benefit of the defendant. He may waive it, if he choose, and the building may continue, as it is, a part of the realty; and the decree will be so framed in this court.

Complainant offered below, and still continues the offer, to accept a conveyance of the rear end of the lot, with her house upon it, and permit defendant to retain title to the front portion, in payment of the amount remaining unpaid upon the original purchase price; and a provision was inserted in the decree giving to defendant the option to accept such proposition within 30 days from the date of the decree. The decree in this court will continue the same option. The cause will be remanded to the court below for further proceedings under the decree, if the same shall become necessary. Complainant will recover costs.

LONG, GRANT, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.