## SHELDON *v.* LEAHY.

CONTRACTS — FAILURE TO PERFORM — RECOVERY ON QUANTUM
MERUIT.

> The right of a contractor, who failed to complete his contract,
> to recover upon a *quantum meruit* because of the other party's
> acceptance of his part performance, is limited to a sum not
> exceeding the contract price, less the cost of completing the
> work, and less any damages and added expenses caused by
> his breach of the contract.

Error to Wayne; Lillibridge, J.    Submitted November
11, 1896.    Decided December 1, 1896.

*Assumpsit* by George W. Sheldon against Charles
Leahy and another upon a building contract.    From a
judgment for plaintiff, defendants bring error.    Reversed.

*Atkinson & Atkinson*, for appellants.

*James H. Pound*, for appellee.

MONTGOMERY, J.    This is an action to recover for work
done under a building contract, in changing over and mak-
ing additions to a building owned by defendants, under a
special contract, and also for some extra work done out-
side the contract.    It appeared on the trial that plaintiff
had not completed all the work provided for by the con-
tract, but plaintiff's claim was that he was prevented by
defendants from finishing the job.    On the other hand,
defendants offered testimony tending to show that plain-
tiff had abandoned the work without cause, and refused
to go on with it.    The question of fact as to which party
was right in their contention in this regard was fairly
submitted to the jury, but complaint is made of the in-
struction of the court relating to the rights of the plain-
tiff in case the jury should find as a fact that the plaintiff

was in fault in not completing his contract.    The instruction complained of is as follows:

"If you believe from the evidence that the plaintiff was not following up his work with reasonable diligence, but was neglecting it, then the plaintiff is not entitled to recover the contract price; but, having done a portion of the work, he is entitled to recover a fair and reasonable price for the work done and material furnished by him, not exceeding such proportionate part of the contract price as the work done amounted to with respect to the whole contract."

We think this instruction is open to the criticism made by the appellants' counsel.    The true rule applicable to such a state of facts as that assumed in the instruction, namely, that the plaintiff had failed to complete his contract fully, according to its terms, but that defendants had accepted the benefit of his services in the performance of some portion of the contract, is that, while the plaintiff cannot recover upon the contract, he is entitled to recover upon the *quantum meruit*, for the work performed, a sum not exceeding the contract price, less the cost of completing the work, and less any damage and added expense which the defendants have been put to by reason of the breach of contract by the plaintiff.    *Allen* v. *McKibbin*, 5 Mich. 449; *Wildey* v. *School Dist.*, 25 Mich. 419.    This limitation was not stated in the charge.

It is contended that the error was without prejudice. We do not think this contention justified by the record.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.