GROSS v. CREYTS.

QUANTUM MERUIT — EXPRESS CONTRACT — ACCEPTANCE OF WORK.
Where a person accepts and makes use of work performed under
an express contract, he will be liable on the *quantum meruit*
count, though the work did not conform to the contract.

Error to Ingham; Wiest, J.   Submitted April 8, 1902.
(Docket No. 13.)   Decided June 3, 1902.

*Assumpsit* by John G. Gross against John Creyts for
work and labor.   From a judgment for plaintiff, defend-
ant brings error.   Affirmed.

*L. B. & H. M. Gardner*, for appellant.

*Jason E. Nichols*, for appellee.

MONTGOMERY, J.   The plaintiff recovered the value of
work and materials furnished in plumbing the house of
defendant.   Defendant brings error.

The work was performed under a written contract.
Defendant contended that the work had not been per-
formed in accordance with the terms of the contract, and
denies any obligation to pay for the same, on any terms.
The jury found, in answer to special questions, that
plaintiff did not complete the plumbing according to con-
tract; but as the plaintiff's claim was for $156, and a jury
awarded a verdict for $150.46, the deficiencies were mani-
festly not relatively very great.

The circuit judge charged the jury that, if the contract
had not been complied with, the plaintiff might still recover
under the *quantum meruit* count.   Defendant's counsel
complain of this instruction, and contend that the defend-
ant was not bound to accept the plaintiff's work unless it
conformed to the contract; citing *Martus* v. *Houck*, 39
Mich. 431 (33 Am. Rep. 409), *Sheldon* v. *Leahy*, 111

Mich. 29 (69 Ñ. W. 76), and other cases. These cases are clearly distinguishable. If it be true that defendant was not bound to accept plaintiff's work, the answer is that he did accept it. A portion of the contract was for bathtub, washbowl, etc. Instead of refusing to accept them, defendant, in his repairs and improvements, made use of them. The rule in *Allen* v. *McKibbin*, 5 Mich. 449, applies.

Judgment affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.