## MOSAIC TILE CO. *v.* CHIERA.

1. TRIAL—REQUESTS TO CHARGE—PROPOSITIONS OF LAW.

It is not error for the trial court to refuse requests to charge consisting of abstract propositions of law, the application of which to the case in hand would not be readily apparent to the jury.

2. CONTRACTS—BREACH—RECOUPMENT—INSTRUCTIONS.

Defendant, in an action for the balance of the contract price for certain work on a building, was not harmed by an instruction to the effect that there could be no recoupment unless the recovery should be on the *quantum meruit* alone, where the court further charged that plaintiff could not recover on the contract unless he had fully performed it and defendant had accepted the work, and also fairly submitted to the jury defendant's claim for damages for breach of an express warranty.

3. SAME—QUANTUM MERUIT.

One who has failed fully to perform his contract for certain work on a building may nevertheless recover under the *quantum meruit*, where the owner has appropriated so much as was done, subject to the latter's right of recoupment.

4. SAME—HARMLESS ERROR.

Where the verdict shows that it was not rendered on the *quantum meruit*, it is immaterial that there was no proof of the value of the work.

Error to Wayne; Frazer, J.   Submitted April 10, 1903. (Docket No. 28.)   Decided June 23, 1903.

*Assumpsit* by the Mosaic Tile Company against Gabriel Chiera to recover a balance due under a contract for certain work on a building.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*James H. Pound*, for appellant.

*Bowen, Douglas, Whiting & Murfin*, for appellee.

Hooker, C. J. The defendant contracted in writing for the tilework in an elaborate Turkish bath.. By this contract the plaintiff promised to furnish and put in place, including the concrete foundation, "all the tilework for floors, walls, ceilings, and plunge pools required for a Turkish bath house," etc. It was further agreed that plaintiff would "do the work and furnish the materials to the full and entire satisfaction of the superintendent of said building, J. W. Cotteral, Jr., and to the satisfaction of" the defendant. Plaintiff further agreed:

"That it will warrant and guarantee the work put in the said building by them, and embraced in this contract, for the period of five years from the date of completion; and that they will, within ten days after receiving notice, replace and make good any damage to tilework caused by imperfect workmanship or materials, or which may be caused by the settling of floors or foundations due to any cause whatever; it being understood that this guaranty does not cover damage caused by accident, nor willful or malicious destruction by employés or the public. The said party of the second part further agrees to furnish bond for two thousand dollars ($2,000), signed by two responsible sureties, for the faithful performance of this contract."

The bond was given. Payment to the extent of 85 per cent. was to be, and was, made as the work progressed, and 15 per cent. was to be paid within 60 days after completion and acceptance. This 15 per cent. has not been paid, and this action was brought to recover it.

The declaration contained a special count upon the writing, and the common counts. With a plea of the general issue, the defendant filed a notice of recoupment, which alleged that the tiling had faded and lost its original color, and had never been replaced by the plaintiff, although requested, etc., and that the tiling and floor had settled out of shape, and had bulged so as to be uneven, and that it did not drain, and in consequence the water would stand in pools upon it, and that the material and labor were of inferior quality.

The controversies of fact appear to have been, in the main, *first*, whether the plaintiff furnished the materials and did the work as required by the contract; *second*, whether the same was to the satisfaction of the defendant, and was accepted by him; *third*, whether the tile faded or lost their original color from any fault in the tile; *fourth*, whether the water stood upon the floor, and would not drain, through plaintiff's fault,—all of which questions were submitted to the jury. A verdict and judgment for the plaintiff resulted, and the defendant has taken a writ of error. Upwards of 120 errors are assigned. We cannot consistently discuss each separately, and by far the greater number would furnish little excuse for so doing.

In his instructions to the jury, the learned circuit judge said that the plaintiff had undertaken that its work should be satisfactory to the defendant, and that, before it could be entitled to a verdict, it must show not only that it had done the work according to its contract, but that it had been accepted by the defendant. In that case it would be entitled to recover upon the contract the remaining 15 per cent. of the contract price; otherwise it could not recover upon the contract. He said, further, that if the work had not been accepted, or if the contract had not been fully performed, the plaintiff might recover, under the common counts, the value of the material furnished and labor performed, less such damages as the defendant had sustained through the failure of the plaintiff to carry out the contract. He instructed the jury that the contract bound the plaintiff to furnish good, substantial tiling, but not better than such tiling usually is; that much testimony had been introduced in regard to the cleaning of the tile, and the methods used by the defendant in that respect; and that this testimony had a bearing upon the questions whether this was good or poor tiling, and whether it had received proper treatment by the defendant. He said to the jury that if the water failed to drain off, and this was due to the furnishing of improper levels or slope by the defendant's superintendent, the plaintiff was not liable for the

defect, and that, if the bulge and cracks in the bottom of the pool were due to a defective foundation furnished by the plaintiff, it was liable, while, if occasioned by work done by another contractor, it was not.

This was a clear and succinct charge of the main features in the case, and was easily comprehensible by the average juror. Defendant's counsel has excepted to, and assigned error upon, each of his 28 requests to charge. Many of these requests are abstract propositions of law, without anything to indicate to the jury their application to the case; *e. g.*:

"Parties who are of full age and competent may make contracts, which it is the duty of courts to enforce as made."

"The purpose of construction of a contract is to give effect to an instrument, not to defeat it."

"An equity against the words of an express contract, where there is no want of capacity or legality, fraud or mistake, shown in the making of the contract, cannot be recognized."

"The intention of the parties, as expressed in their contracts, is to govern in the construction of them."

"All the words in a contract are to be taken as inserted for some purpose."

"An agreement was made with an artist, for a portrait, that it need not be taken or paid for if unsatisfactory. *Held*, that, however good the picture was, the customer is the only judge whether it suits him or not, and, if not, he cannot be compelled to pay for it."

"In the absence of any ambiguity in a written instrument, it must be interpreted according to its plain terms, no fraud or mistake being claimed."

Most of the others relate to questions of fact, which the court properly left to the jury; and, in our opinion, there is nothing in these requests, which the defendant was entitled to have the jurors' attention called to, that was not covered by the charge.

Counsel's eighty-seventh assignment is as follows:

"In charging the jury, if there had been an acceptance of the work, then there could be no recoupment, in effect,

which could only be applied if the recovery was based upon the *quantum meruit* alone."

The court charged the jury that the plaintiff could not recover unless (1) it had faithfully performed the contract; (2) the defendant had accepted the work. He afterwards said that, if it sought to recover on the *quantum meruit*, there might be a recoupment. As it is patent that there could be no recoupment if the contract was fully performed and accepted, and the plaintiff could not recover on the contract unless there was such performance and acceptance, the defendant was not injured by the instruction, unless, by reason of a subsequent breach of the warranty, he was entitled to damages. Plaintiff had given a bond to cover such damages, and its counsel contended that an action on the bond was the only remedy, and that recoupment was not permissible in such case; but the court held otherwise, and included such damages, apparently taking the view that a breach of the warranty was a breach of the contract, and said to the jury:

"I am asked to charge you, and it has been stated in this case several times, that, under the terms of this contract, a bond has been given, and that bond, in substance, guarantees—which the contract itself does—guarantees the character of this work for the term of five years, and that, if there is anything that has occurred after the acceptance that shows the work didn't hold out under this guaranty, that suit should be brought upon this bond; and a great deal of evidence has been objected to as not properly bearing on this issue as framed under the pleadings of this case, but that I should not have permitted this question of recoupment to be interposed here at all, but that they should be relegated to their remedy on the bond. I do not think that is the law. I think that whatever damages, if there are any damages, that, under the evidence, this defendant can recoup here. Why, gentlemen, it would apply,—it would be deducted and determined in any suit that subsequently might be brought upon the bond; and I think that the defendant in this case is at liberty to plead that recoupment here, and waive his remedy upon the bond, if he sees fit; and, if he does recoup any damages here, he waives any remedy that

he may have upon the bond up to the time at which that plea in recoupment 'was interposed, and that, if it can be recovered upon the bond, if any breach of the bond occurred, it would have been subsequent to the time when any issue was made in this case under that plea of recoupment. So, under this issue, if you shall find that there has been a breach of this contract on the part of the plaintiff, and the defendant has suffered damage from it, you may award that damage to the defendant, as against the claim of the plaintiff, even if it overcomes the amount of the plaintiff's claim, and render judgment for the balance to the defendant, if you shall find anything of that kind."

The warranty is hereinbefore set forth. Under it, the plaintiff undertook to replace defective tile, and remedy defects in workmanship, on notice; and the jury must have found that it has not refused or neglected, after notice, to perform its obligation under the guaranty. The defendant suffered no injury by the charge as given.

It is urged that there is no proof of the value of this work, and that, there being an express contract, there can be no recovery upon the *quantum meruit*. The cases cited by counsel show plaintiff's right to recover, although the contract should be found not to have been performed, in view of defendant's appropriation of the work, but subject to the usual rule relating to recoupment. *Allen* v. *McKibbin*, 5 Mich. 449; *Wildey* v. *School District*, 25 Mich. 419; *Sheldon* v. *Leahy*, 111 Mich. 29 (69 N. W. 76); *Martus* v. *Houck*, 39 Mich. 434 (33 Am. Rep. 409); *Hanley* v. *Walker*, 79 Mich. 607 (45 N. W. 57, 8 L. R. A. 207); *Guthat* v. *Gow*, 95 Mich. 527 (55 N. W. 442); *Boots* v. *Steinberg*, 100 Mich. 139 (58 N. W. 657); *Crawford* v. *Schneider*, 106 Mich. 199 (64 N. W. 39); *Eaton* v. *Gladwell*, 108 Mich. 678, 121 Mich. 451 (66 N. W. 598, 80 N. W. 292); *Moran* v. *Schmitt*, 109 Mich. 282 (67 N. W. 323).

It is said that there was no evidence of the value of this work, and therefore that there could be no recovery on the *quantum meruit*. We do not find that this was called to the court's attention; but, if there would otherwise be anything in the point, it is rendered unimportant

by the verdict, which shows that it was not rendered upon the *quantum meruit.*

This disposes of all questions except those upon the introduction of evidence and the alleged misconduct of court and counsel. We have endeavored to examine them all, and find nothing that warrants a reversal of the cause; nor do we discover any a discussion of which would benefit the profession.

The judgment is affirmed.

The other Justices concurred.