GINSBERG *v.* MYERS.

1. CONTRACTS—BREACH—ASSUMPSIT—QUANTUM MERUIT.
   In an action for work done and materials furnished for the plumbing and heating of defendant's building under a written contract which was never completed, where defendant made use of some of the work done by plaintiffs they were entitled to recover upon the *quantum meruit*.

2. SAME—DAMAGES.
   The work was not apportionable under the contract, and the award of damages under the form of action brought was properly limited to a sum not exceeding the contract price, including the extras, less the cost of completing the work in accordance with the contract, and less any damages and added expense occasioned the defendant.

3. SAME—ACCEPTANCE.
   While defendant was not bound to accept the work if it was not performed in accordance with the contract, yet in making use of some of the work done by plaintiffs he must be held to have accepted all, subject, however, to the right to be heard in relation to the value thereof.

4. SAME—PLANS AND SPECIFICATIONS BINDING ON PLAINTIFFS WHERE PART OF CONTRACT.
   Where the plans and specifications were made a part of the contract plaintiffs were bound thereby, and it was immaterial whether they had ever seen them or not.

5. APPEAL AND ERROR—EVIDENCE—CURING ERROR.
   Where the trial court at first rejected the plans and specifications when they were offered in evidence, but afterwards admitted them and fully instructed the jury to the effect that plaintiffs were bound thereby, the error was amply corrected.

6. CONTRACTS—DAMAGES—QUESTION FOR JURY.
   The questions of approval by the architect of work done by plaintiffs, and the nature and extent of the work done by defendant after plaintiffs quit, whether in ac-

cordance with the specifications or more expensive, were all properly left to the jury.

7. TRIAL—DAMAGES—INSTRUCTIONS.

An instruction by the court to "take the figures as they have been given to you upon the stand, and as you believe them to be correct, adding or subtracting and arriving at the verdict in positive figures," *held*, not open to the criticism that the jury were given to understand that a verdict should be rendered for the plaintiffs for the full sum claimed by them, or in favor of defendant for the full sum claimed by him.

8. SAME—INSTRUCTION AGAINST COMPROMISE VERDICT.

There was no error in warning the jury against a compromise verdict, since such a verdict is not permissible.

9. SAME—QUESTIONS FOR JURY—GREAT WEIGHT OF EVIDENCE—NEW TRIAL.

The testimony having presented issues of fact for the jury, where it cannot be said that the verdict was so clearly against the great weight of the evidence as to warrant a new trial, the judgment will be affirmed.

Error to Wayne; Codd (George P.), J. Submitted June 22, 1921. (Docket No. 84.) Decided July 19, 1921.

Assumpsit by George Ginsberg and Hyman Parker, copartners as Ginsberg & Parker, against Sam Myers for work done and materials furnished for the plumbing and heating of defendant's building. Judgment for plaintiffs. Defendant brings error. Affirmed.

*J. Shurly Kennary*, for appellant.

*Daniel J. Alpert* (*Paul J. Wieselberg*, of counsel), for appellees.

WIEST, J. Plaintiffs brought this action to recover for work done and materials furnished in installing plumbing and heating in defendant's building. There was a written contract for most of the work and a

verbal one for extras.  Plaintiffs claimed they were prevented by defendant from completing the job and in the circuit they obtained a judgment for the agreed price for the work less what the jury found it would cost defendant to complete the job in accordance with the contract.  Defendant claimed he was justified in ordering plaintiffs to quit and that some of their work did not comply with the contract and had to be replaced and it had cost him more than the contract price to finish the job.

Defendant made use of some of the work done by plaintiffs and this gave plaintiffs a right to recover upon a *quantum meruit*.  The work was not apportionable under the contract, and the award of damages under the form of action brought was properly limited to a sum not exceeding the contract price, including the extras, less the cost of completing the work in accordance with the contract, and less any damages and added expense occasioned the defendant.  *Sheldon v. Leahy*, 111 Mich. 29; *Germain v. School District*, 158 Mich. 214.

Defendant was not bound to accept the work if it was not performed in accordance with the contract, but in making use of some of the work done by plaintiffs he must be held to have accepted all, subject, however, to the right to be heard in relation to the value thereof in the action brought by plaintiffs.  *Gross v. Creyts*, 130 Mich. 672; *Eaton v. Gladwell*, 121 Mich. 444.

In the written contract the plans and specifications were made a part thereof, and at the trial plaintiffs, when confronted with the specifications, claimed they were not bound thereby because they had never seen them.  The trial judge was of the opinion that the point was well taken but soon discovered his error and ruled that it did not make any difference whether plaintiffs had ever seen the specifications or not if they

were made a part of the contract, and the court admitted the specifications in evidence and fully instructed the jury to the effect that plaintiffs were bound thereby. The error in the first ruling was amply corrected by the court and defendant has no meritorious reason for complaint.

The parties appear to have paid little attention to the specifications during the progress of the work performed by plaintiffs and the completion thereof by defendant. The questions of approval by the architect of work done by plaintiffs and the nature and extent of the work done by defendant after plaintiffs quit, whether in accordance with the specifications or more expensive, were all properly left to the jury.

Defendant contends that the court was in error in giving the jury to understand that a verdict should be rendered for the plaintiffs for the full sum claimed by them, or in favor of defendant for the full sum claimed by him.

The court, after fully stating the items claimed by the parties, charged the jury as follows:

"I have gone into the testimony somewhat in detail giving you figures, because in the testimony given to you the testimony has not been connected along the line of giving you the exact figures which have been presented upon the various sides of this case and upon the different claims. As I said before, this is a matter that is susceptible of a decision in exact figures. It is not susceptible of a compromise verdict. You must find one way or the other regarding these figures. This contract was for a certain sum of money and it is not for you to state what it should be or anything of that sort. You are to go ahead and take the figures as they have been given to you upon the stand and as you believe them to be correct, adding or subtracting and arriving at the verdict in positive figures; as I said it is not susceptible of a compromise verdict. Arrive at your verdict solely and entirely on the testimony given you in the case. I am sure you will find

a verdict which will do exact justice between the parties."

We do not feel that this charge is open to the criticism made. The court evidently intended to impress upon the jury the necessity of passing upon the claims of the parties. If defendant's criticism is well founded the jury could not "take the figures as they have been given to you upon the stand, and as you believe them to be correct, adding or subtracting and arriving at the verdict in positive figures."

We cannot hold that because the verdict was for the plaintiffs for the full amount of their claim the jury must have understood the court's instruction along the line of finding the full amount claimed by one party or the other. There was no error in warning the jury against a compromise verdict. Such a verdict is not permissible. *Goodsell* v. *Seeley*, 46 Mich. 623.

The lax way in which the work was permitted to be done and the plaintiffs' claim with reference to directions received regardless of the specifications and the testimony relative to departure from the specifications by defendant in completing the work after plaintiffs quit left issues of fact for the jury beyond our review, and we cannot hold that the verdict rendered was so clearly against the weight of the evidence as to warrant a new trial.

The assignments present no reversible error, and the judgment is affirmed, with costs to appellees.

STEERE, C. J., and MOORE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred. CLARK, J., did not sit.