### FALK *v.* NITZ.

1. CONTRACTS — ACCEPTANCE — NOTICE OF DEFECTS — WAIVER—PERFORMANCE.

Mere occupancy of a house by the owners before its completion with knowledge of defects therein, where they made known their dissatisfaction with the character of the work done, would not amount to an acceptance thereof as being in compliance with the contract or constitute a

On use of building by owner as an acceptance of work of construction or repairs, and as waiver of known defects therein, see notes in 16 L. R. A. (N. S.) 489; 20 L. R. A. (N. S.) 872; L. R. A. 1917C, 324.

waiver of their right to damages for failure to perform according to the contract.

2. SAME—COMPLIANCE WITH CONTRACT—DEFECTIVE WORKMANSHIP NOT EXCUSED BECAUSE WORTH MORE THAN CONTRACT PRICE.

Where the specifications for the construction of a house provided that the work should be done in a workman-like manner, the contractors may not excuse defective workmanship by saying that a cheap job was contemplated by the parties, and that the labor and materials furnished were worth much more than the contract price, but they will be held to a substantial compliance with the provisions of their contract.

3. MECHANICS' LIENS—EVIDENCE—SUFFICIENCY.

On a bill by the contractors to foreclose a mechanics' lien, evidence examined and *held*, that a proper and equitable adjustment of the differences between the parties requires a decree in favor of plaintiffs for $71.51.

Appeal from Wayne; Davis (Frank D. M.), J., presiding. Submitted January 25, 1922. (Docket No. 142.) Decided October 2, 1922.

Bill by William Falk and Norman A. Witwer, co-partners as Falk & Witwer, against Hugo Nitz and another to foreclose a mechanics' lien. Defendants filed a cross-bill asking affirmative relief. From a decree for defendants, plaintiffs appeal. Reversed, and decree entered for plaintiffs.

*Edward B. Benscoe*, for plaintiffs.

*Frank C. Golden*, for defendants.

MCDONALD, J. The plaintiffs filed a bill to foreclose a mechanics' lien on defendants' premises for the sum of $472.51, which they claim is the balance due to them for work and labor performed and materials furnished in the construction of a two-family flat. The agreement was in writing, and is as follows:

"Contract of Nitz Job, May 15, 1916.
"This is to certify that Mr. and Mrs. Hugo Nitz,

the first party, and William H. Falk and Norman A. Witwer, the second party, have come to terms that the second party is to build a 2-family brick veneer flat, and move old house back and remodel and place a 16x22 cellar under old house, as is specified, at 167 Grandy avenue, for the sum of fifty-five hundred ($5,500) dollars, to be divided in the following payments: When old house is remodeled, a sum of $500 is to be paid. Payment as following: First payment on new house, two thousand ($2,000) dollars, when roof is on house. Second payment, when house is plastered, the sum of fifteen hundred ($1,500) dollars. Third and last payment, when house is complete, the sum of fifteen hundred ($1,500) dollars. Extra for reinforced front porch."

Later they decided to change the plans and to have the porch made of brick, for which, plaintiffs were to be paid an additional sum of $130. As usual, there were some extras, and the plaintiffs claimed that the total contract price, including extras, was $5,688.51, on account of which they admit payment of $5,225, leaving a balance of $463.51. The defendants in answering claim the benefit of a cross-bill, alleging that the work had not been performed according to contract, and asking for damages in the sum of $629. In his decree the circuit judge dismissed the bill and allowed defendants $300 as damages for plaintiffs' failure to perform.

It is first urged by counsel for the plaintiffs that the defendants accepted the work as being in compliance with the contract, and agreed on a balance due therefor. The claim of acceptance is based largely on the fact that the defendants went into possession before the work was completed with knowledge of the defects of which they now complain. The evidence, however, does not support the claim that they were satisfied with the character of the work, or that a final balance was agreed upon. It is true that they went into possession before the work was completed, but

occupancy of the premises and use of the work under the circumstances in this case do not constitute a waiver by the defendants of their right to damages for failure to perform according to the contract.

In *Ginsburg* v. *Myers,* 215 Mich. 148, this court said:

"Defendant was not bound to accept the work if it was not performed in accordance with the contract, but in making use of some of the work done by the plaintiffs, he must be held to have accepted all, subject, however, to the right to be heard in relation to the value thereof in the action brought by the plaintiffs. *Gross* v. *Creyts,* 130 Mich 672: *Eaton* v. *Gladwell,* 121 Mich. 444."

It is further urged that the circuit judge allowed recovery for items not properly chargeable to the plaintiffs, and not proven by any competent evidence in the case. The specifications, which are a part of the contract, provide that the work shall be done in a workmanlike manner. In many respects the specifications do not specify, are not definite as to the details of construction or the character of the work, but the evidence clearly shows that in several important particulars it was not done in a workmanlike manner. The plaintiffs excuse this by saying that the labor performed and materials furnished were worth much more than the contract price, that the parties contemplated a cheap job, a kind of work commensurate with the price agreed to be paid for it. The plaintiffs may have been unfortunate in estimating the amount of labor and materials necessary for the completion of the work according to the plans and specifications, nevertheless, they must be held to a substantial compliance with the provisions of their contract, which required the work to be done in a workmanlike manner. It was not so done. That fact being established the question is, How much should be deducted from the contract price on account of plain-

tiffs' failure to perform according to contract? The circuit judge filed no opinion, and it does not appear how he arrived at the amount stated in his decree. It is conceded, however, that if there had been full and proper performance, the plaintiffs would be entitled to $5,688.51, from which there should be deducted payments amounting to $5,225. In addition, the defendants insist that they should be credited with two payments of $200 and $50 respectively, for which they have plaintiffs' receipts. Plaintiff Witwer testified that these receipts were included in a larger receipt which he subsequently gave to Mrs. Nitz at her request, and that the defendants were given credit for all of their payments. It appears from the testimony of Mr. Nitz that his wife got all of the receipts, and as she did not deny the explanation given by Mr. Witwer, we assume that the two payments for which they hold undated receipts were properly credited to them. We think there should also be deducted from the amount due the plaintiffs the following items as damages: Outside painting, $125; basement floor and porch, $141; plastering, $30; carpenter work, $80; sidewalk, $16; leaving a balance of $71.51 due the plaintiffs. In making these allowances we have taken the estimates of Mr. Strassburg rather than those of Mr. McCauley. Mr. Strassburg made the estimate with the idea of doing the work, and undoubtedly placed his figures sufficiently high to leave him some profit. He was vouched for by the defendants, who offered his testimony, and who based the allegations in their cross-bill upon his estimate. We have not allowed the defendants anything on their claim for inside painting. Mr. McCauley testified as follows:

"I understand the lower flat has been revarnished. Part of it in the dining room, they said the party there varnished it over, but the upper part had never been touched, they claim. The painting is still there.

It wouldn't come off. It is the rough condition of it. Oh, no, it is not wasted, of course not. Why, of course, it has been some use there. A flat is on the average varnished and repainted in five years. If it is a first class job it would not have to be done in three years."

Conceding that the inside painting was in the condition claimed by Mr. McCauley, it had been used in that condition by the defendants for four years at the time of the trial, and we do not think it would be equitable to allow them at this time the $200, which they claim would be the cost of repainting. The outside painting, the plastering and the sidewalk were in such condition that the work had to be done over, and we have allowed the defendants the amount expended for that purpose. The cement work in the basement and on the front porch, unlike the inside painting, is of a permanent character, and as it was defective in workmanship and must be done over, we have allowed Mr. Strassburg's estimate of $141. We have examined all of the testimony bearing on the respective claims of the parties, and think that a proper and equitable adjustment of the differences between them requires that the defendants pay to the plaintiffs the sum of $71.51.

The decree of the circuit judge will be reversed and one will be entered in accordance with the conclusions herein reached. The plaintiffs will have costs.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.