DE HAAN v. CRUM.

1. CONTRACTS — CONSTRUCTION — BUILDING CONTRACT — WHETHER PLANS PART OF CONTRACT QUESTION FOR JURY.

In an action for the balance due on a contract for the construction of a dwelling, where the defense was that the house was not built according to contract, the trial court was not in error in submitting to the jury the question of whether the working plans furnished by a face brick association were included in the contract as finally agreed upon, in view of plaintiffs' admission that said plans were received by them with the understanding that they were to be followed.

2. SAME—EVIDENCE—FAILURE TO FOLLOW PLANS—WAIVER.

Where it was undisputed that the pitch of the roof was not in accordance with the plans and that this necessitated other changes, whether defendants by their conduct waived their right to object to the work as performed, held, under the evidence, a question properly submitted to the jury.

3. SAME—ACCEPTANCE—WAIVER OF DEFECTS.

The trial court correctly instructed the jury that defendants by moving into the house and accepting the keys did not conclusively accept the job, or waive defects of construction.

4. SAME—DEDUCTIONS—QUESTION FOR JURY.

Testimony by defendants that subsequent to the making of the original contract plaintiffs agreed to deduct $500 from the contract price if defendants would, finance the building, which they did, held, to justify the trial court in submitting said claim to the jury.

Error to Kalamazoo; Weimer (George V.), J. Submitted January 24, 1924. (Docket No. 72.) Decided March 5, 1924.

Assumpsit by Steven De Haan and John De Haan, copartners as De Haan & Son, against Percy D. Crum

On use of building by owner as an acceptance of work of construction or repair, and as a waiver of known defects therein, see notes in 16 L. R. A. (N. S.) 489; 20 L. R. A. (N. S.) 872; L. R. A. 1917C, 324.

and another for a balance due on a building contract. Judgment for plaintiffs for less than amount claimed. They bring error.    Affirmed.

*Harry C. Howard,* for appellants.

*Mason & Sharpe,* for appellees.

McDONALD, J.    Plaintiffs are building contractors of Kalamazoo, Michigan.   They are suing for a balance of $2,231.98, claimed to be due on a contract for the construction of a dwelling for the defendants.    The defendants concede that there is something due plaintiffs on the contract price, but claim that they are entitled to the following deductions: $1,000 damages because the house was not built according to contract, $25 damages to decorations because of leaks due to defective work on the roof and about the windows, and $500 which the plaintiffs agreed to deduct in consideration of a change in the time and manner of payments on the contract.    The plaintiffs received a verdict for $923.39.    They have brought the case here on writ of error, claiming that the court erred,—

"*First.* In submitting to the jury the question of whether the working plans were included in the contract as finally agreed upon by the parties."

The written part of the contract provided that the building was to be constructed according to a booklet and working drawings furnished by the American Face Brick Association.    The drawings had not been prepared at the time the contract was signed, and it is the claim of the plaintiffs that they were directed by the defendants to proceed with the building without waiting for the drawings; that they did so and that, therefore, the provision of the contract relative to working plans was abandoned by express directions of the defendants.    This claim of the plaintiffs finds

no support in the testimony.    The plaintiff Steven De Haan testified that he received the plans from the defendants, that his understanding was that they were to be followed and that he turned them over to his carpenter.    The carpenter testified that he did his best to follow them.    In view of this testimony and the provision of the contract relative to the working plans, the objection to the court's charge is wholly without merit.

The second question discussed in plaintiffs' brief relates to the failure of the court to instruct the jury that by their conduct the defendants waived any right to object to the work as performed.    It was undisputed that the pitch of the roof of the house was 2 feet and 11 inches lower than the plans and specifications called for.    This necessitated the elimination of a dormer window, a change in the bedrooms and interfered with the artistic effect of the building.    It was for this defect in the construction that the defendants claim damages in the sum of $1,000.    Defendants say that they had no knowledge of these defects, and that they were deceived in reference to them by statements of the plaintiffs.    Steven De Haan admits that he represented to Crum that the pitch of the roof was according to the plans; and in respect to the dormer window and bedrooms, Crum testifies that De Haan told him they could not be constructed as provided in the plans.    In view of this and other testimony, which it is not necessary to here point out, the court could not say as a matter of law that defendants waived the defects complained of.    The defendants' knowledge, and the extent to which they were represented by Howard Young in his inspection of the work, were facts which the court properly submitted to the jury on the question of waiver.

Complaint is made of the court's charge as to the claimed acceptance of the work by moving into the house.    We find no error in the charge in this respect.

The court seems to have correctly followed the rule announced in *Falk* v. *Nitz*, 219 Mich. 650, and cases therein cited.

It is urged that the court erred in submitting to the jury the defendants' claim that $500 was to be deducted from the contract price. It appears that according to the original agreement the plaintiffs were to finance the building. Subsequently the defendants agreed to finance it and to pay the plaintiffs in cash when the work was completed. In consideration of this agreement the defendants say that the plaintiffs were to deduct $500 from the contract price. The defendants' testimony made a question for the jury and the court did not err in submitting it.

Our examination of this record discloses no reversible error.

The judgment is affirmed, with costs to the defendants.

CLARK, C. J., and BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred. SHARPE, J., did not sit.