MORGAN v. GODDARD.

1. Contracts—Public Buildings—Subcontractor. Bound to Inform Himself as to Specifications.

One taking a subcontract on a public building is bound to inform himself of the specifications involved in the contract rights and obligations of the party with whom he is dealing, and he is not relieved by his failure to do so.

2. Same—General Conditions Made a Part of Specifications Binding on Subcontractor.

A clause in the general conditions made a part of the specifications for a school house, which provided that all necessary materials delivered upon the premises should be held to be the property of the owner and not removable without written consent of the engineer, was binding on a subcontractor who contracted to perform "per plans and specifications," as between him and the school board and the general contractor, although the specifications shown to him by the subcontractor with whom he dealt, who defaulted, did not contain the general conditions, and he was not aware thereof.

Error to Wayne; White (Charles E.), J., presiding. Submitted April 27, 1927. (Docket No. 14.) Decided June 6, 1927.

Replevin by Clarence S. Morgan against F. H. Goddard and another for the possession of building materials. Judgment for plaintiff. Defendants bring error. Reversed.

*Stevenson, Butzel, Eaman & Long (Leo W. Kuhn,* of counsel), for appellants.

*S. Homer Ferguson,* for appellee.

¹Building and Construction Contracts, 9 C. J. § 39; ²Id., 9 C. J. § 71 (Anno).

WIEST, J.   Defendant company was the general contractor for erecting the Duffield school building for the board of education of Detroit, inclusive of heating, ventilating, plumbing and mechanical equipment, per plans and specifications prepared by McColl, Snyder & McLean, consulting engineers.   A long list of general conditions accompanied the specifications, were a part thereof, and entered the contract.   Paragraph 32 thereof provided:

"All materials necessary to the construction of the building, delivered upon the premises, shall be held to be the property of the owner, and no such materials shall be removed from the premises without the written consent of the engineer."

Defendant company sublet the plumbing and steamfitting work to Stephen J. Fraser, the work to be done according to the plans and specifications prepared by McColl, Snyder & McLean.   This contract also, by reference thereto, carried the general conditions.   Mr. Fraser contracted with plaintiff to "furnish and install all pipe covering as per plans and specifications prepared by McColl, Snyder & McLean, engineers for the Duffield school, for the sum of $6,595."   This contract did not specifically mention the general conditions.   Plaintiff took stock material to the school building to carry out the contract, and, when it was partly installed, Fraser abandoned his contract with defendant company, after receiving about 90 per cent. of his contract price, and defendant company, refusing to pay over again if plaintiff went ahead, plaintiff endeavored to remove his unused material, was stopped by defendant company, and brought this suit in replevin.

Plaintiff claims the general conditions were no part of his contract with Fraser, and, therefore, his material on the premises, not installed, could be removed by him and did not pass to the board of

education. Defendant company claims the contract between plaintiff and Fraser, by reference to the specifications, brought to that contract the general conditions essentially and specifically a part of the specifications. Plaintiff was not aware of the general conditions, a constituent part of the specifications, and contracted with Fraser upon the basis of the specifications shorn of the general conditions. Was plaintiff bound by the specifications, inclusive of general conditions? The circuit judge thought not, and entered judgment for plaintiff. Findings of fact and conclusions of law were filed, proposed findings and conclusions submitted by defendant refused, exceptions filed and review is had by writ of error.

In taking the subcontract plaintiff was bound to inform himself of the specifications involved in the contract rights and obligations of the party with whom he was dealing. This he did not do. He is not, however, relieved by his failure to seek the information. The general conditions are printed matter and precede the specifications but expressly made to apply thereto. This method is adopted to save incorporation of the general conditions at length in the specifications and is a recognized practice quite generally indulged. Subcontracts, unless forbidden, may be made, but when made are in subordination to the principal contract and call for performance according to its terms and conditions. The owner, unless retaining supervision of subcontracts, may rest upon the principal contract and not concern himself with a subcontract, except as to payments under the lien statute. The subcontractor, however, is concerned with the terms of the principal contract and the specifications, inclusive of general conditions, incorporated therein, for he undertakes to perform under and in accordance therewith, and, if the principal contract provides, as the one involved here, that material taken

to the premises is beyond recall, the remedy of the subcontractor is not in replevin.

Plaintiff delegated his estimator to inspect the specifications and was furnished through him with the specifications without the general conditions. Such specifications were procured by the estimator from Mr. Fraser. Does that fact save plaintiff from the aforesaid general conditions? Certainly not as to the school board, and equally not as to defendant company, for that company, if it surrendered the material, would be answerable to the school board. Right of possession in the school board was also in defendant company under its contract to perform the work.

The schoolhouse being a public building, we assume the statute (3 Comp. Laws 1915, § 14827 *et seq.*) was observed and bond given to pay subcontractors and materialmen.

We had occasion, in *Ginsberg* v. *Myers*, 215 Mich. 148, to hold that a contractor who undertook to do work according to plans and specifications, and never saw such, but worked from the plans of the architect, was bound by the plans and specifications. In the case at bar the contract between plaintiff and Fraser expressly referred to the plans and specifications prepared by McColl, Snyder & McLean, and the general conditions were, by direct reference, constituted an essential part thereof, and ignorance of the general conditions by plaintiff, not induced by the school board, cannot be held to save him from the binding force of the general conditions, running with the specifications. The general conditions must be held to have constituted a part of the specifications and the circuit judge was in error in holding to the contrary.

As stated in *McGregor* v. *Construction Co.*, 188 Mo. 611, 622 (87 S. W. 981):

"The general stipulation set forth in the contract

239—Mich.—12.

aforesaid constituted a part of the specifications.  The fact that they followed the particular enumerations contained in the contract under the head of specifications, for the doing of the work, did not make the provisions of the general stipulations any the less a part of the specifications.  The general stipulations were intended to cover matters not particularly specified in the specifications, but they constituted a portion of the specifications."

The judgment in the circuit is reversed and a new trial granted, with costs to defendants.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.