MOSCONE *v.* MITOFF

1. CONTRACTS—QUANTUM MERUIT—BASIS FOR RECOVERY.
   Recovery on *quantum meruit* is based upon the acceptance of a benefit conferred by the plaintiff.

2. CONTRACTS—QUANTUM MERUIT—DAMAGES.
   Awarding the plaintiff, who had contracted to install sewers in a workmanlike manner, the contract price less the amount the defendants had to spend to make the sewers fit to pass the applicable city building code was proper and consistent with recovery on a *quantum meruit* theory, because the defendants have been put in the same position they would have been in had the contract been satisfactorily performed in the first instance.

Appeal from Macomb, Walter P. Cynar, J.   Submitted Division 2 April 1, 1971, at Detroit.   (Docket No. 9206.)   Decided April 28, 1971.   Leave to appeal denied August 17, 1971.   385 Mich 781.

Complaint by Serafino Moscone against John Mitoff, Genevieve Mitoff, Wiengarden Corporation, Isaac Green, Joseph F. Savin, Emery Brown, Louis Lamed, Maxwell Bardenstein, Arthur Kepes, George Eisler, and G. B. S. Apartments, Inc., for *quantum meruit*.   Judgment for plaintiff.   Defendants appeal. Affirmed.

*Dingell, Hylton & Zemmol,* for defendants.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  17 Am Jur 2d, Contracts §§ 83, 344, 445–447, 505, 519 *et seq.*

Before: J. H. Gillis, P. J., and Fitzgerald and T. M. Burns, JJ.

Per Curiam. In the fall of 1966, plaintiff entered into a contract with G. B. S. Apartments, Inc., to install sewers. The work was to be done in a "workmanlike manner" for a total price of $11,682.

When the sewers were installed, the work did not meet the requirements of the City of Southfield's building code. G. B. S. Apartments, Inc., then spent substantial sums for corrections in the sewer installations.

On October 15, 1968, plaintiff filed suit against G. B. S. Apartments and others for recovery of the contract price. The trial was held in January, 1970, and the trial court, sitting without a jury, after setting off the sum of $7,600 spent by defendants to correct the work improperly done, found for the plaintiff in the amount of $4,082. Defendants appeal by right.

Defendants first contend that plaintiff, as an individual, lacks the capacity to sue because Mr. Moscone signed the contract on behalf of the Moscone Excavating Corporation. Therefore it is the defendants' position that only the corporation has the capacity to bring suit.

The trial court found, as a matter of fact, that plaintiff had signed the contract in his individual capacity and not as an officer of Moscone Excavating Corporation. Plaintiff testified that he signed as an individual and not as a representative of the corporation. The signature appears to be that of an individual, no mention being made that the signature was made only in a representative capacity.

Although there was evidence to support the defendants' position, the controversy precisely

framed a question of fact for the trial court. Our review of the record reveals ample evidence, if believed, to support the finding of the trial court. We will not, therefore, set aside the finding since it is not clearly erroneous. GCR 1963, 517.1.

Defendants next contend that plaintiff should have been denied recovery under the theory of *quantum meruit,* because that theory is only available where the performance has been substantial. Defendants cite the case of *Sheldon* v. *Leahy* (1896), 111 Mich 29, as standing for this proposition. However, as the court pointed out, in *Sheldon, supra,* p 30, recovery on *quantum meruit* is based upon the acceptance of a benefit performed by the plaintiff.

The trial court found that the benefit of plaintiff's work had been accepted. The court, therefore, found for the plaintiff, but awarded the defendants, as a set-off from the contract price, the amount which defendants were required to spend in order to render the sewers fit to pass the inspection by the City of Southfield.

The judgment of the trial court is consistent with the theory of a recovery based upon *quantum meruit.* Defendants have been put in the same position they would have been in had the contract been satisfactorily performed in the first instance. We find no error.

Affirmed. Costs to appellee.